### SULLIVAN et al. v. ALGREM et al.

Circuit Court of Appeals, Eighth Circuit. March 3, 1908.)

No. 2,669.

1. COURTS—CONFLICT OF JURISDICTION—COURT WHICH FIRST ACQUIRES CUSTODY EXCLUDES JURISDICTION OF OTHERS.

The lawful custody of specific property by a court of competent jurisdiction withdraws that property, so far as necessary to accomplish the purpose of that custody and until that purpose is accomplished, from the jurisdiction of every other court.

The court which first acquires the lawful jurisdiction of specific property by the seizure thereof, or by the due commencement of a suit, from which it appears that it is, or will become, necessary to a determination of the controversy involved or to the enforcement of its judgment or

decree therein for the court to seize, to charge with a lien, to sell, or to exercise other like dominion over it, thereby withdraws that property from the jurisdiction of every other court so far as necessary to accomplish the purpose of the suit, and entitles that court to retain the control of it requisite to effectuate its final judgment or decree therein free from the interference of every other tribunal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1386.]

**2. SAME—CONFLICT OF DOMINION TO BE AVOIDED, BUT CASE TO PROCEED.**

When a court of co-ordinate jurisdiction secures by proper process the custody or dominion of specific property, which it is one of the objects of a suit in a federal court to subject to its judgment or decree, the latter suit should not be dismissed, but should be stayed until the proceedings in the court which has obtained the prior custody or dominion are concluded, or ample time for their termination has elapsed, or the custody or dominion is released.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1386.]

**3. SAME—FEDERAL COURT DECLINES TO APPOINT RECEIVERS OF, OR TO INTERFERE WITH, PROPERTY IN CUSTODY OF STATE COURTS—FACTS.**

After two suits by different holders of contracts of an insolvent company for a receiver, an injunction, the sale of its property, and the distribution of the proceeds thereof among its creditors and contract holders had been brought in two state courts, respectively; after a receiver had been appointed, and an injunction had issued in the first court; after that receiver had taken possession of property of the company worth $60,000, had been removed, and another receiver had been appointed in his place; after the order appointing the second receiver had been challenged by an appeal and a supersedeas bond had been given; after process had been served in the second suit, and the second state court had issued a restraining order which had been served upon the defendants, and that court had been temporarily restrained from proceeding further by an order of the Supreme Court of Missouri—a third suit for the same purpose was brought by two contract holders of the company in the United States Circuit Court for the Eastern District of Missouri, and that court appointed a receiver of the property and issued an injunction.

*Held,* the property of the company was temporarily withdrawn from the jurisdiction of the federal court by the custody and dominion of one of the state courts over it, and the order of the federal court appointing its receiver and enjoining the defendants was erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 1407-1409.

Jurisdiction of federal courts as dependent on possession of subject matter, see note to Adams v. Mercantile Trust Co., 15 C. C. A. 6.]

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

Thomas C. Hennings and Robert F. Walker, for appellants.

Claud D. Hall (Herbert S. Hadley, Atty. Gen., State of Missouri, and Jones, Jones, Hocker & Davis, Solicitors for Wm. L. Watkins, supervisor and receiver, on the brief), for appellees.

Before SANBORN and ADAMS, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. This is an appeal from an order of the court below whereby it appointed a receiver of the property of the Home Co-operative Company, an unincorporated association, owned and operated by William B. Sullivan, and issued the usual injunction

in such cases. The reason for the appeal is that a receiver of this property had previously been appointed by the circuit court of St. Louis county and had taken possession of a part of the property, an injunction had issued from that court, and a similar suit for the same purpose had been commenced against the same defendants, and a restraining order had been issued in another court of the state of Missouri, before this suit was commenced.

The business of the Home Company was to issue contracts to their holders to purchase homes for them at future times on numerous mysterious conditions, and one plain condition that the holders should pay certain sums of money to the company monthly. On June 10, 1907, Algrem and Cameron, the appellees here, holders of some of these contracts, exhibited their bill in the court below against William B. Sullivan, William B. Sullivan, trustee, William L. Watkins, and three other defendants who were never served with process, and who will accordingly be treated as strangers to this suit henceforth, for the appointment of a receiver of the Home Company, the customary injunction, and the sale of its property, and the distribution of the proceeds thereof to its creditors and contract holders. An order to show cause why the injunction should not issue, returnable on June 18, 1907, was served on the defendants, and Sullivan filed a return with which he presented a transcript of the proceedings in a similar suit in the circuit court of St. Louis county, Mo. The state of Missouri filed an intervening petition. Sullivan insisted in the court below, and still insists, that that court had no jurisdiction to appoint a receiver of this property or to enjoin the defendants from disposing of it, because it was in the legal custody of the courts of Missouri, one of which had appointed a receiver of it. The state, on the other hand, prayed that Watkins, the receiver appointed by the state court, should be appointed by the court below, and that court appointed him.

Counsel for the appellees interpose many objections to Sullivan's return to the order to show cause, which in our view of this case are not material, because all that is necessary to its determination appears upon the face of their bill. The question here is not whether this suit was barred or abated by the fact that there was another action pending between the same parties for the same cause, or concerning the same property, and the discussion and determination of that issue are respectfully declined. The only question in this case is, was the property of the Home Co-operative Company withdrawn, at the time the order challenged by the appeal was made, for the time being from the jurisdiction of the court below by the prior acquisition of jurisdiction and legal custody of it by one of the courts of the state of Missouri. The bill discloses these facts: On July 3, 1903, Herman H. Wehrs, who alleged that he was a holder of one of the Home Company's contracts, brought a suit for a receiver of its property, for an injunction, for the sale of the property, and the application of its proceeds to the payment of its contract holders and creditors, in the circuit court of St. Louis county, against William B. Sullivan and William B. Sullivan as the Home Company. Sullivan appeared and consented, Francis A. Tillman was appointed receiver, the usual injunction was issued and Sullivan delivered to the receiver, pursuant to the order of the

court, property estimated to be worth $60,000. On April 21, 1906, that court removed Tillman and appointed the defendant Watkins receiver of the company and its assets, in his official capacity as Supervisor of Building and Loan Associations of the State of Missouri. Sullivan appealed to the Supreme Court of Missouri from an order of that court refusing to vacate the order appointing Watkins, and a supersedeas appeal bond was given by him and accepted by the court. At the time this appeal was taken that court made an order that all creditors and contract holders of the Home Company who desired to avail themselves of the benefits of that suit might do so and might be heard therein. The complainants averred in this bill that they were informed, believed, and charged that Wehrs never was a contract holder, that he had been paid the amount claimed on his contract, that his suit was instituted and maintained by Sullivan for the latter's use and benefit, and that Wehrs had tried to dismiss and had dismissed it. The bill shows that on May 1, 1907, two other contract holders exhibited another bill in another court of the state of Missouri against the defendants in the suit in hand, in behalf of themselves and all other contract holders and creditors of the Home Company, for a receiver of the property of that company, an injunction, the sale of its property, and the distribution of the proceeds thereof among its creditors and contract holders, that process was served in that suit on Sullivan and Watkins, that the court restrained them in that suit from transferring or disposing of the property of the company, ordered them to show cause on May 6, 1907, why it should not issue the injunction and appoint the receiver sought, and that the judge of that court was subsequently temporarily restrained from proceeding in that court and ordered to show cause before the Supreme Court of Missouri why he should not be permanently prohibited from proceeding further therein. This was the state of the case presented to the court below by the bill, and conceding, as counsel for the appellees contend, but not deciding, that Sullivan's return was so irregular and insufficient, that it presented no facts and no denials which the court below could, or this court can, consider, it is difficult to perceive how the United States Circuit Court could have lawfully acquired or exercised any jurisdiction over the property in question until the state courts renounced or surrendered their custody of it.

The legal custody of specific property by one court of competent jurisdiction withdraws it, so far as necessary to accomplish the purpose of that custody, until that purpose is completely accomplished from the jurisdiction of every other court. The court which first acquires jurisdiction of specific property by the lawful seizure thereof, or by the due commencement of a suit in that court, from which it appears that it is, or will become, necessary to a complete determination of the controversy involved, or to the enforcement of the judgment or decree therein, to seize, charge with a lien, sell, or exercise other like dominion over it, thereby withdraws that property from the jurisdiction of every other court, and entitles the former to retain the control of it requisite to effectuate its judgment or decree in the suit free from the interference of every other tribunal. When a court has by lawful proceedings taken possession of specific property, it has dur-

ing that possession and as incident thereto jurisdiction to hear and determine all questions respecting the title, possession, and control thereof, and courts of co-ordinate jurisdiction are powerless to render any judgment or decree that will invade or disturb the possession of the property while it is in the custody of the court which has thus first acquired it. Lang v. Choctaw, Oklahoma & Gulf R. R. Co. (C. C. A.) 160 Fed. 355 (filed by this court March 2, 1908); Farmers' Loan & Trust Company v. Lake Street Railroad Co., 177 U. S. 51, 61, 20 Sup. Ct. 564, 44 L. Ed. 667; Peck v. Jenness, 7 How. 612, 12 L. Ed. 841; Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1019, 38 L. Ed. 981; Central Bank v. Stevens, 169 U. S. 432, 18 Sup. Ct. 403, 42 L. Ed. 807; Williams v. Neely, 134 Fed. 1, 15, 67 C. C. A. 171, 185, 69 L. R. A. 232; Barber Asphalt Paving Co. v. Morris, 132 Fed. 945, 948, 66 C. C. A. 55, 58, 67 L. R. A. 761; Gates v. Bucki, 53 Fed. 961, 969, 4 C. C. A. 116, 128, 129.

Here were three suits in three courts against the same real defendant Sullivan to appoint receivers of the same property, to sell it, and to distribute the proceeds thereof among the same creditors and holders of contracts. The first two were commenced in the state courts, the third in the federal court. The first court, the circuit court of St. Louis county, appointed a receiver who took possession of a part, perhaps of all, of the property of the company. Even without that possession that court acquired plenary jurisdiction and dominion over all the property of the Home Company by the commencement of the suit, the appearance of the defendant, the issue of its injunction, and the appointment of its receiver. Counsel urge that this suit should be disregarded because it was collusive, and they invoke the rule that fraud vitiates all transactions and proceedings. A court of equity may interpose as effectually to undo, or to prevent, a fraud by the use of a judgment or a suit in another court, as it may to strike down or prohibit one by the use of a deed, a written or oral misrepresentation, or by any other device, but the bill itself shows that no fraud or deceit could have been practiced in the first suit at or after that bill was filed, and that there was nothing which the federal court could do to remedy any fraud that had already been wrought thereby, which the state court, in which that suit was pending, could not have as effectually performed. The bill contained an averment that that court had made an order that all creditors and holders of contracts of the company who desired might share the benefits of the suit and be heard therein.

Another contention of the appellees is that by the acceptance of the supersedeas bond on the appeal from the order refusing to set aside the removal of the first and the appointment of the second receiver that court renounced its jurisdiction over and surrendered the property; that it took the bond in lieu of the property and released it to Sullivan. The court below sustained this position, and appointed its receiver in reliance upon the decision of the Supreme Court of Missouri in State ex rel. v. Hirzel, 137 Mo. 435, 37 S. W. 921, 38 S. W. 961, where that court held that a supersedeas bond on an appeal from an order overruling a motion to vacate an order appointing a receiver restored the property, during the pendency of the appeal, to the party

from whom the receiver had taken it. But the order challenged in that case was the original order appointing a receiver in the case. The order assailed by the appeal from the court of St. Louis county was not the original order of appointment of a receiver, but the order removing Tillman and appointing Watkins, and if the effect of the supersedeas had been to restore the property which Watkins received to the party from whom he obtained it, it would have been to restore it to Tillman as receiver, and it would still have remained in the custody of that court. Receivers are but the hands of the court. The order challenged here is not an order taking property from one of the parties to the suit into the hands of the court, but an order transferring property which had long before been taken by an order which has not been challenged by appeal, from one hand of the court to another. It does not seem that a supersedeas bond upon an appeal from such an order could have the effect to renounce the jurisdiction of the court over the property in its custody. Since the court below appointed its receiver, the Supreme Court of Missouri has decided that this supersedeas bond and an order which was made thereon by the court of St. Louis county that the receiver should return the property to Sullivan did not deprive that court of the custody and dominion of the property of the company. State ex rel. Sullivan v. Reynolds (filed December 24, 1907) 107 S. W. 487. Undoubtedly, if the court below had had the benefit of the opinion in this case it would have refused to appoint its receiver or to issue its injunction. The question before this appellate court, however, is whether or not the order for the receiver and the injunction was rightly made in July, 1907, in the light of the law and the decisions as they then stood. For the purpose of answering this question let all that counsel for the appellees here claim regarding the surrender of the custody of the property by the court of St. Louis county be conceded. Let it be conceded that the court of St. Louis county renounced its jurisdiction and released its custody of the property by the acceptance of the supersedeas bond and the order it made thereon, that Wehrs had no interest in the suit before it and that he had dismissed that suit. What then? Then the second state court acquired and it still retained exclusive jurisdiction and custody of the property before the suit in the federal court was instituted. Process was served on the defendants and a restraining order was issued therein more than a month before the suit in the federal court was commenced. Whether the first or the second state court had the custody of the property when the federal court appointed its receiver is immaterial to the issue in the case before us. That question is left without decision or further discussion, for the determination of the courts of the state of Missouri, upon which the duty to decide it is imposed. The only question this case presents to this court is, was the jurisdiction over this property withdrawn from the court below when it appointed its receiver?

It seems that the first state court acquired and continued to retain jurisdiction and legal custody of the property, which is the subject-matter of this suit, at the time that appointment was made. If so, neither the second state court nor the federal court had any right or power to interfere with or control its possession or dominion of that property

until that court relinquished them. If not, then the second state court acquired and retained exclusive jurisdiction and dominion of the property. In either event, the property of the Home Company was temporarily withdrawn from the jurisdiction of the federal court and that court should have withheld its hand until the state court, which had acquired jurisdiction and custody of the property, concluded its proceedings regarding it, or ample time for their termination had elapsed, or that court had relinquished its dominion. When a court of co-ordinate jurisdiction secures by proper process the custody or dominion of specific property, which it is one of the objects of a suit in a federal court to subject to its judgment or decree, the latter should not be dismissed, but it should proceed as far as may be necessary or convenient without creating a conflict concerning the possession or disposition of the property, and should then be stayed until the proceedings in the court of co-ordinate jurisdiction regarding the property have been concluded, or ample time for their termination has passed, or that court has relinquished dominion. Barber Asphalt Paving Co. v. Morris, 132 Fed. 945, 948, 66 C. C. A. 55, 58, 67 L. R. A. 761; Williams v. Neely, 134 Fed. 1, 15, 67 C. C. A. 171, 185, 69 L. R. A. 232; Boatmen's Bank v. Fritzlen, 135 Fed. 650, 667, 68 C. C. A. 288, 305.

The order appointing the receiver and enjoining the defendants is in all things reversed, and the case is remanded to the court below for further proceedings not inconsistent with the views expressed in this opinion.