## LANYON v. BRADEN *et al.*

No. 4343. Opinion Filed July 6, 1915.

(150 Pac. 677.)

**COURTS—Conflicting Jurisdiction.** It is now the established doctrine of both the state and federal courts that that court, whether state or federal, which first acquires jurisdiction of the subject-matter, or of the res, and which is first put in motion, will retain its control to the end of the controversy, and the possession of its receiver will not be disturbed by the subsequent appointment of a receiver by the other court. Nor is it necessary, in the application of the general doctrine here stated, that the court asserting its exclusive control by reason of having been first to take cognizance of the subject-matter should be the first to take actual possession of the property by its receiver.

(Syllabus by Bleakmore, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by Scott Braden against the Star Wafer Company, a corporation, and others. A receiver was appointed, and defendant Maurice S. Lanyon brings error. Affirmed.

*Gustave A. Erixon,* for plaintiff in error.

*Bland & Ptak* and *C. H. Garnett,* for defendants in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Oklahoma county, on the 2nd day of July, 1912, by the defendant in error Scott

Braden, as plaintiff, against certain of the defendants in error, as defendants, upon three promissory notes, for the foreclosure of a real estate mortgage, the sale of certain shares of the capital stock of the Star Wafer Company, pledged to secure the payment of said notes and to enforce the assignment and delivery of said other shares of said capital stock to the plaintiff, and for the appointment of a receiver *pendente lite,* to take charge of the mortgaged property, collect the rents arising therefrom, and to take possession of the property and business of the Star Wafer Company, collect its outstanding accounts, and manage and control the same during the pendency of the action, etc. On July 11, 1912, the petition was amended and the plaintiff in error, Maurice S. Lanyon, was made a party defendant, and duly served with summons. On July 26, 1912, an amended petition, seeking the same relief, in which all the parties to the proceeding in error were made parties, was filed. On August 12, 1912, the plaintiff in error answered, setting forth, among other things, that he was a nonresident of the state of Oklahoma, and a resident of the state of California; that on the 6th day of July he had filed in the District Court of the United States for the Western District of Oklahoma, his bill in equity against the defendants in error, Braden, the Star Wafer Company, McGreer, Prigg, Christiansen, the National Bank of Pittsburg, Kan., and W. J. Lanyon, and that on the 8th day of July, the judge of said United States court appointed a receiver to take charge of the property and business of said Star Wafer Company. On the 19th day of August, 1912, plaintiff in error filed his motion in the trial court, praying: (1) That the case be dismissed as to him; (2) that a receiver be not appointed; and (3) that the summons and service thereon as to him

be quashed.  On August 29, 1912, receiver was appointed in accordance with the prayer of the petition herein and duly qualified.  This is an appeal from the order appointing a receiver without awaiting the final determination of the cause.

In the suit in equity in the United States court, motion to discharge the receiver was overruled on July 15, 1912, "with leave to said defendants to renew said motion in the event that a receiver of said property is appointed by the district court of Oklahoma county."  Plaintiff in error contends that the trial court was without jurisdiction to appoint a receiver, for the reason that the United States court for the Western District of Oklahoma had theretofore acquired jurisdiction and had appointed a receiver to take charge of the assets and business of the Star Wafer Company, and that the original petition in the state court was insufficient to warrant the appointment of a receiver by that court.  In the instant case the petition was filed and summons issued thereon July 2, 1912.  The bill in equity was filed in the United States court on July 6th following.  Our statute (Rev. Laws 1910, sec. 4703) provides that:

"A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

The suit in equity in the United States court was commenced by the filing therein of the bill of complaint. *Farmers' L. & T. Co. v. Lake St. E. R. Co.*, 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667.

The jurisdiction of the state and the federal court was concurrent.  It is evident that, the suit in the state court being commenced prior in time, its jurisdiction first

attached; and the general rule that the tribunal where jurisdiction first attaches retains it exclusively to determine every issue properly arising in the case applies.

In *Farmers' L. & T. Co. v. Lake St. E. R. Co., supra,* it is said:

"As, then, the bill of foreclosure had been filed in the Circuit Court of the United States, and the jurisdiction of that court had thus attached before the commencement of the suit in the state court, it follows upon principle and authority that it was not competent for the state court to interfere by injunction or otherwise with the proceedings in the federal court. The possession of the *res* vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons.

"Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected. The rule has been declared to be of special importance in its application to federal and state courts." *Peck v. Jenness,* 7 How. 612, 12 L. Ed. 841; *Freeman v. Howe,* 24 How. 450, 16 L. Ed. 749; *Moran v. Sturges,* 154 U. S. 256, 14 Sup. Ct. 1019, 38 L. Ed. 981; *Cent. Nat. Bank v. Stevens,* 169 U. S. 432, 18 Sup. Ct. 403, 42 L. Ed. 807; *Harkrader v. Wadley,* 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399; *State ex rel. v. McClure,* 17 N. M. 694, 133 Pac. 1063, 47 L. R. A. (N. S.) 744; *Louisville Trust Co. v. Knott,* 130

Fed. 820, 65 C. C. A. 158; *Sullivan v. Algren,* 160 Fed. 366, 87 C. C. A. 318; 11 Cyc. 1003.

In High on Receivers (4th Ed), it is stated:

"And the test as to priority is not to be found in the first actual, manual possession of the *res,* but the court which first asserts exclusive control by reason of having taken cognizance of the subject-matter of the litigation is entitled to proceed with the administration of the estate." (Section 48.)

"Questions of considerable delicacy and importance have frequently arisen under our peculiar judicial system touching the relative powers of the state and federal courts in the appointment of receivers over the same subject-matter in litigation in both tribunals. These questions have usually been determined upon principles of comity, and it is now the established doctrine of both the state and federal courts that that court, whether state or federal, which first acquires jurisdiction of the subject-matter, or of the *res,* and which is first put in motion, will retain its control to the end of the controversy, and the possession of its receiver will not be disturbed by the subsequent appointment of a receiver by the other court. Nor is it necessary, in the application of the general doctrine here stated, that the court asserting its exclusive control by reason of having been first to take cognizance of the subject-matter should be the first to take actual possession of the property by its receiver."

Without setting forth the allegations of the petition, it is enough to say that they are sufficient to invoke the jurisdiction of the trial court and to authorize the exercise of its discretion in the appointment of a receiver.

It is suggested in the brief, but not shown by the record, that since the bringing of this proceeding in error the Star Wafer Company had been adjudged bankrupt, its assets sold, and the proceeds paid to the plaintiff in error. However, property other than that of the Wafer

Company is involved in the receivership feature of this case, and the rights of the parties can only be determined by a hearing in the trial court.

The only questions presented upon this appeal are the power of the trial court to appoint a receiver, the sufficiency of the petition in this respect, and whether there was abuse of discretion in such appointment.

The court below had jurisdiction to appoint a receiver, and from an examination of the record before us, there is nothing to show that it abused its discretion in so doing. Its action, therefore, should be affirmed.

By the Court: It is so ordered.