**BRADBURN v. BARR, Adm'r, et al.**

No. 16123—Opinion Filed March 23, 1926.

Rehearing Denied Oct. 19, 1926.

1. **Bankruptcy—Conflicting Jurisdictions— State Court's Jurisdiction of Creditor's Suit to Set Aside Fraudulent Conveyance Not Defeated by Debtor's Subsequent Petition in Bankruptcy.**

Where a judgment creditor files his petition in a court of competent jurisdiction in this state, wherein he seeks to vacate and set aside conveyances made by the judgment debtor, and to subject the lands attempted to be conveyed by such fraudulent conveyance, and the judgment debtor files his petition in the U. S. District Court and is declared bankrupt, subsequent to the filing of the judgment creditors' suit, the state court does not thereby lose jurisdiction of the cause, but may proceed to a determination of the issues raised in such action by the judgment creditor.

2. **Appeal and Error—Necessity for Preserving Error—Motion for New Trial—Record.**

Errors alleged to have occurred at the trial, unless excepted to and assigned in a motion for a new trial and made a part of the record on appeal, by means of case-made or bill of exceptions, will not be considered on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by J. W. Grady and Norman Polland against J. W. Bradburn and Aurie Bradburn, to cancel a certain deed. Judgment for plaintiffs, and defendant Aurie Bradburn appeals. (Upon death of J. W. Grady, George W. Barr was appointed administrator.) Affirmed.

Park Wyatt, for plaintiff in error.

W. J. Hulsey, B. S. Null, and Lena Hulsey for defendants in error.

Opinion by RUTH, C. Parties hereto will be referred to in this opinion as they appeared in the trial court.

Grady and Polland, plaintiffs below, secured a judgment against J. W. Bradburn along in 1911 or 1912. This judgment was kept alive by proper process, and in 1920 plaintiffs filed what is said in defendants' brief to be a bill in the nature of a "bill of discovery," in the district court for Pottawatomie county. The original petition filed in 1920 does not appear in the record, but we gather from the briefs that it was filed for the purpose of ascertaining if J. W.

Bradburn was possessed of any property, and if so, to subject it to the lien of plaintiffs' judgment. The action was afterwards transferred to the superior court of Pottawatomie county, and while still pending, and on January 29, 1922, the father of the defendant died, leaving an estate to which the defendant J. W. Bradburn was entitled to a one-sixth share.

On February 14, 1922, J. W. Bradburn was appointed administrator of the estate of J. N. Bradburn, deceased, and on February 24, 1922, J. W. Bradburn attempted to convey his share in the real property to his wife, Aurie Bradburn, this plaintiff in error, and after the deed was duly executed and filed of record, J. W. Bradburn filed his petition in bankruptcy and was adjudged a bankrupt in June, 1923.

Plaintiffs then made Aurie Bradburn a party defendant in the superior court, setting up the facts herein related and praying the court that the conveyance of the one-sixth interest in the real estate from J. W. to his wife, Aurie Bradburn, be declared fraudulent and void and that it be vacated and be subjected to the payment of plaintiffs' judgment.

Aurie Bradburn appeared, and after objecting to the jurisdiction of the court, filed her answer, in which she admits the conveyance, but alleges she at one time loaned her husband $600, and the value of the one-sixth interest is but $700, and the principal and interest on her loan to her husband far exceed the value of the interest conveyed to her. J. W. Bradburn then filed his objection to the jurisdiction of the court for that he had been adjudged a bankrupt and the plaintiffs' claim was listed among his liabilities in that proceeding.

The record in this case is very incomplete, but we gather from the brief that the plaintiffs appeared before the referee in bankruptcy and protested the discharge of J. W. Bradburn, and for this reason he never received his final discharge, and whether it has been denied by the court, or whether the bankruptcy proceedings are still pending, we have no means of knowing.

It appeared, at the trial of this cause in the superior court, that J. W. Bradburn was the owner of and lived upon 16 acres of land in Pottawatomie county, which he claimed as a homestead, and the land conveyed to his wife was not a homestead, and the court found the conveyance was fraudulent and made for the purposes of hindering, delaying, and defrauding the creditors of J. W. Bradburn, and decreed it to be the property of J. W. Bradburn and subject to

the payment of his debts, and from this judgment Aurie Bradburn appeals, and it is stipulated that the appeal is the appeal of Aurie Bradburn alone, and J. W. Bradburn is not made either party plaintiff or defendant in error.

The appeal is presented upon the following propositions: "That the court erred in overruling the demurrer of the plaintiff in error to the evidence of the defendants in error, and the court erred in rendering judgment for the defendants in error." Under this assignment of error they first insist the court had no jurisdiction of the cause of action, for that J. W. Bradburn had been adjudged a bankrupt and the bankruptcy proceedings were pending when the superior court heard and determined the question of whether or not the conveyance was fraudulent. The position assumed is wholly without merit. The court was not attempting to adjudicate an original claim against the bankrupt, but was determining whether the alleged bankrupt had fraudulently conveyed his property. The original bill of discovery having been filed in 1920, and J. W. Bradburn having inherited the lands in controversy in 1922, and while this action was pending and undetermined, and the adjudication of bankruptcy not having been made until June, 1923, the state court had acquired jurisdiction of the res, and retained the same until a final determination of the questions.

In Bardes, Trustee of the Estate of Frank T. Walker, Bankrupt, v. First National Bank of Hawarden, Iowa, et al., 178 U. S. 533. it is said:

"The debtor of a bankrupt, or the man who contests the right to real or personal property with him, loses none of those rights by the bankruptcy of his adversary. The same courts remain open to him in such contest, and the statute has not divested those courts of jurisdiction in such action. If it has for certain classes of actions conferred a jurisdiction for the benefit of the assignee in the circuit and district courts of the United States, it is concurrent with and does not divest that of the state courts."

This court in passing upon the question of conflicting jurisdictions in Lanyon v. Braden, 48 Okla. 689, 150 Pac. 677, said:

"It is now the established doctrine of both the state and federal courts that that court, whether state or federal, which first acquires jurisdiction of the subject-matter or of the res, and which is first put in motion, will retain its control to the end of the controversy, and the possession of its receiver will not be disturbed by the subsequent appointment of a receiver by the other court." See Louisville Trust Co. v. Knott, 130 Fed. 820,

and cases cited; McDowell v. McCormick, 121 Fed. 61.

Sullivan v. Algrem et al., 160 Fed. 366, will be found containing a clear, comprehensive exposition of the question, with the citation of numerous authorities.

We think the holding of the court in Frazier et al. v. Southern Loan & Trust Co., 99 Fed. 707, as expressed in the first paragraph of the syllabus presents a case running parallel with the case under review. It reads as follows:

"Judgment creditors brought suit in a state court of competent jurisdiction against their debtor and against his assignee for the benefit of creditors, assailing the assignment as fraudulent and void, and a receiver was appointed to take possession of the property. More than four monhts thereafter the debtor was adjudged bankrupt. Subsequently, the state court rendered a decree avoiding the assignment, establishing the liens of the plaintiffs on the property affected, and ordering the sale of the same by a commissioner appointed for the purpose. The court of bankruptcy afterwards made an order requiring the bankrupt to surrender the property to his trustee, enjoining the sale by commissioners, and directing a sale by the trustee instead. Held, that such order was an unwarranted interference with the jurisdiction of the state court and its possession and control of the property in question and must be revoked."

In view of the authorities, we are of opinion and so hold, that the state court having acquired jurisdiction of the res, prior to the adjudication of bankruptcy, retained the same for all purposes.

The next proposition presented by plaintiff in error for reversal is that the court erred in admitting in evidence in this action the judgment rendered in favor of plaintiffs and against the defendant in 1912, which formed the basis of this action; for the reason "that the judgment was a chose in action, and should have been listed for taxation and the tax paid thereon, it could not be admitted in evidence under section 9613, C. O. S. 1921." We are reluctant to believe counsel is seriously contending for this point, but if he is, we will say in passing that this court cannot consider the same, as the question was not raised in the trial court. but is attempted to be raised for the first time on appeal.

"Errors alleged to have occurred at the trial, unless excepted to and assigned in a motion for a new trial, and made a part of the record on appeal, by means of case-made or bill of exceptions, will not be considered on review in this court." Harris v. Newcombe, 56 Okla. 741, 156 Pac. 666; Brown v.

Chowning. 59 Okla. 278, 159 Pac. 323; McKee v. Jolly, 72 Okla. 37, 178 Pac. 656.

No error appearing in the record, the judgment of the trial court is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 33 §28. (2) 3 C. J. p. 895 §802; p. 960 §849; 4 C. J. p. 180 §1786.