## OPERATORS ROYALTY & PRODUCING CO. et al. v. TULSA RIG, REEL & MFG. CO.

No. 26044. March 31, 1936.

John M. Wheeler, for plaintiffs in error.

John E. Curran and Booth Kellough, for defendant in error.

PER CURIAM. This case comes here on petition in error of the Operators Royalty & Producing Company, who was the defendant below, from the district court of Tulsa county. The Century Petroleum Company, as garnishee below, joins in the petition. Defendant in error. plaintiff below, is the Tulsa Rig, Reel & Manufacturing Company. For convenience the parties will be referred to as they appeared in the trial court. The principal ground of error assigned is the overruling by the trial court of the defendant's and garnishee's motion for a new trial. The facts follow briefly:

On January 11, 1933, creditors of the defendant filed their application in the United States District Court for the Northern District of Oklahoma for the appointment of a receiver of the properties of the defendant and caused notice and process to issue on January 12, 1933. On March 6, 1933, the plaintiff sued defendant in the district court of Tulsa county to recover money due. About the same time, the plaintiff commenced garnishment proceedings in the district court of Tulsa county, in which proceedings the Century Petroleum Company was garnishee. Plaintiff obtained judgment against the defendant on October 11, 1933. No disposition of the application for receivership in the federal court was made until January 27, 1934, when that court appointed a receiver of the defendant's properties. The receiver then intervened in the garnishment action pending in the district court of Tulsa county objecting to the jurisdiction of that court. The objection was overruled, and on May 18, 1934, judgment was rendered for the plaintiff against the garnishee. On September 4, 1934, the receiver was discharged and the receivership terminated. Both the garnishee and defendant filed motions for a new trial. The defendant filed this motion in its corporate capacity and not in behalf of the receiver, but with the court's permission to be substituted to the rights of the receiver. From the order overruling these motions for new trial, petitioners appeal.

The question of priority of jurisdiction as between federal and state courts, both of which have the power of exercising jurisdiction concurrently or co-ordinately, has repeatedly arisen.

The rule as to actions in rem is thus expressed by the Supreme Court of the United States in Kline v. Burke Construction Co., 260 U. S. 226. 67 L. Ed. 226 43 S. Ct. 79:

"It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court. Where the action is in rem, the effect is to draw to the federal court the possession or control, actual or potential of the res, and the exercise by the state courts of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. The converse of the rule is equally true—that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction."

And the basis of the rule is stated by that court in Covell v. Heyman. 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390, as follows:

"The forbearance which courts of co-ordinate jurisdiction, administered under a single system exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States it is something more. It is a principle of right and of law and therefore of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent; and, although they coexist in the same space, they are independent and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane: and when one takes into its jurisdiction a specific thing that res is as much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty. To attempt to seize it by a foreign process is futile and void. The regulation of process and the decision of questions relating to it, are part of the jurisdiction of the court from which it issued."

The filing of an application for the appointment of a receiver and causing process to issue is the commencement of an in rem proceeding. Pennsylvania v. Williams, 294 U. S. 176, 79 L. Ed. 841, 55 Sup. Ct. 380.

The primary purpose of receiverships is to place the property of the insolvent estate in the hands of a receiver, and by this judicious administration protect the rights of all the creditors and owners. Any action, therefore, which prevents this purpose from being carried out is an interference which defeats and impairs the jurisdiction of the court creating the receivership.

Furthermore. it is clear that the jurisdiction of the court over the res vests at the time the court is put in motion, and is not delayed until the receiver is actually appointed.

In High on Receivers (4th Ed.) section 48, it is stated:

"And the test as to priority is not to be found in the first actual, manual possession of the res, but the court which first asserts exclusive control by reason of having taken cognizance of the subject-matter of the litigation is entitled to proceed with the administration of the estate."

This rule was followed by this court in the case of Lanyon v. Braden, 48 Okla. 689, 150 P. 677:

"It is now the established doctrine of both the state and federal courts that that court, whether state or federal, which first acquires jurisdiction of the subject-matter, or of the res, and which is first put in motion, will retain its control to the end of the controversy, and the possession of its receiver will not be disturbed by the subsequent appointment of a receiver by the other court. Nor is it necessary, in the application of the general doctrine here stated, that the court asserting its exclusive control by reason of having been first to take cognizance of the subject-matter should be the first to take actual possession of the property by its receiver."

Applying these principles to this case, the proceeding for the appointment of a receiver having been commenced in the federal court before the garnishment proceeding in the state court, the federal court thereby acquired jurisdiction to the exclusion of the state court. Penn. General Casualty Co. v. Pennsylvania, 294 U. S. 189, 79 L. Ed. 850, 55 Sup. Ct. Rep. 386, 96 A. L. R. 1179 (note).

In this case, the federal receiver elected to intervene in the garnishment action in the state court. Later, after his objections to the jurisdiction of the state court were overruled, he was discharged and the receivership terminated. Even though the federal court acquired exclusive jurisdiction over the res it could, in its discretion, relinquish that jurisdiction to the state court by the termination of the receivership. Penn. General Casualty Co. v. Pennsylvania, supra.

By termination of the receivership, the federal court relinquished its jurisdiction. No one, excepting possibly the creditors of the defendant other than the plaintiff. is prejudiced by the finding of the court below; and these other creditors of the defendant are not complaining here. Apparently, they acquiesced in the discharge of the federal receivership. For these reasons, the judgment of the district court of Tulsa county will not be disturbed.

The Supreme Court acknowledges the aid of Attorneys Ned Looney, K. W. Shartel, and G. W. Satterfield in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Looney and approved by Mr. Shartel and Mr. Satterfield, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.