HOGAN v. WAYNE CIRCUIT JUDGE.

INTERPLEADER—INJUNCTION—COURTS OF CO-ORDINATE JURISDICTION.
Where an insurance company has been garnished in the circuit court of one county for moneys admitted to be due under a policy, and has subsequently been sued by an assignee of the insured in the circuit court of another county, an injunction restraining the parties from prosecuting their several suits may properly issue upon a bill of interpleader filed by the company upon the equity side of the court in which suit was first brought, and which thereby obtained jurisdiction of the question in controversy in both cases, namely, the ownership of the fund.

*Mandamus* by James Hogan to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order granting an injunction. Submitted April 2, 1895. Denied July 13, 1895.

*Robert Parker* and *J. B. Houck*, for relator.

*James Swan*, for respondent.

McGRATH, C. J. On June 25, 1894, a loss occurred under a fire policy issued by the New Hampshire Fire Insurance Company to one James H. Coonan, a resident of the city of Detroit, upon property situate in said city. Proofs of loss were furnished July 3, 1894. On July 28,

1894, the B. Stroh Brewing Company brought. suit against Coonan in the Wayne circuit court, and garnished the insurance company. On July 31, 1894, Elliott & Co. brought suit in the Wayne circuit court against Coonan, and garnished the insurance company. On the 6th day of August, 1894, Robert Parker, as attorney for James Hogan, verbally notified the agent of the insurance company that Coonan had, on July 24, 1894, assigned his claim under said policy to James Hogan. On August 21, 1894, the insurance company disclosed, denying any indebtedness to Coonan. Afterwards, on October 11, 1894, the garnishee defendant filed amended disclosures, setting up the facts, admitting liability under the policy, but setting up the aforesaid notice of assignment. Pending these proceedings, on September 20, 1894, relator, as assignee of the claim under said policy, commenced suit against the insurance company in the circuit court for the county of Ionia. Afterwards, on February 27, 1895, the insurance company filed its bill in the circuit court for the county of Wayne, in chancery, making the plaintiffs in the garnishment proceedings aforesaid and the said James Hogan parties, praying that the defendants may be decreed to interplead, and that they may be enjoined from the prosecution of their several suits against the company. An injunction was granted. Relator asks for a *mandamus* to compel the vacation of the order granting the injunction.

The injunction runs against the person of James Hogan, rather than the circuit court for the county of Ionia, and it may be carried into effect by proceedings in contempt instituted in the circuit court for the county of Wayne, in chancery. The insurance company seeks to restrain, not only relator from proceeding in the circuit court for the county of Ionia, but the plaintiffs in garnishment from proceeding in the circuit court for the county of Wayne. If the company had filed its bill in the Ionia circuit, the plaintiffs in garnishment might make the same contention that is here made on behalf of rela-

tor. Any plea that might be interposed in the suit at law in the Ionia circuit would involve the determination of the same question that is involved in the proceedings in garnishment in the Wayne circuit, and that court first obtained jurisdiction of that question. The bill sets up that relator was pressing the suit in Ionia county to trial, and the petition here insists upon the right to an immediate trial of such suit.

In *Maclean* v. *Wayne Circuit Judge*, 52 Mich. 257, a bill was filed in the Wayne circuit to set aside a judgment obtained in the superior court of the city of Detroit. *Dodge* v. *Northrop*, 85 Mich. 243, was a similar proceeding. In *Barnum Wire & Iron Works* v. *Wayne Circuit Judge*, 59 Mich. 272, a suit was pending in the superior court of Detroit when the assignment was made, and it was sought to enjoin the prosecution of that suit. In *Mabley* v. *Judge of Superior Court*, 41 Mich. 31, judgment had been obtained in the superior court, a new trial had been granted conditionally, and the cause was assigned for trial for a day certain. Three days before the day set, defendant filed a bill in the United States circuit court, and obtained an *ex parte* order restraining plaintiff from proceeding. The order was served on the day before the day set for the trial, and a notice of the proceeding was filed in the superior court. The judge of the superior court thereupon vacated his conditional order, and reinstated the judgment. A *mandamus* was prayed for to compel the judge of the superior court to vacate said order, which was refused.

Each of these cases was decided upon the merits. Here, two parties are claiming the fund, and each has planted its suit,—one in the Wayne circuit, and the other in the Ionia circuit. A bill of this character, filed after suit brought, necessarily involves a restraint upon existing suits. The company acknowledges its liability upon the policy for the amount of the loss, but insists that it cannot safely pay to either claimant until the disputed question is adjudicated in some proceeding which shall

bind both. It has filed its bill upon the equity side of the court first obtaining jurisdiction of the question sought to be determined, and we think properly so. I High, Inj. § 53. See, also, sections 45 and 46.

The writ will therefore be denied.

The other Justices concurred.