**STATE ex rel. McMURRAY v. DISTRICT COURT OF HUGHES COUNTY et al.**
and
**STATE ex rel. PRYOR v. MELTON, Judge.**

Nos. 15269, 15903 Consolidated — Opinion Filed Feb. 10, 1925.

(Syllabus.)

**1. Courts—Conflicting Jurisdiction of District Court—Right of First Court Acquiring Jurisdiction to Control Subject-matter.**

Where an action has been filed in a district court of this state for the purpose of having adjudged ownership in certain property, or a lien thereon, and process is served on the defendants, the property, the title or lien on which is thus sought to be adjudged, cannot be taken from the jurisdiction of such court by another court of co-ordinate jurisdiction seeking to seize same by a writ of garnishment in favor of a judgment creditor in said latter court. The first court thus acquiring jurisdiction, on final decree, would have the right to the control of the property, to direct its delivery, either to court or to the party adjudged entitled thereto, and another court on a judgment rendered subsequent to the filing of the first suit cannot deprive the first court of the power to make its final judgment effective by taking from its jurisdiction and possibly its necessary control the subject-matter in litigation.

**2. Same—Prohibition—Preventing Conflict in Jurisdiction.**

In the instant cases it is held, that the judge of the district court of Hughes county had no jurisdiction to enter a judgment in favor of the plaintiff in the action in said court, subjecting the property in the possession of the American National Bank of McAlester to the satisfaction of its judgment, and a writ of prohibition against said court should be granted.

Actions for Writ of Prohibition. No. 15269, State ex rel. J. F. McMurray against District Court of Hughes County, and George C. Crump, District Judge; and No. 15903, State ex rel. W. W. Pryor against Harve L. Melton, Judge of District Court of Pittsburg County. Writ prayed in No. 15269 granted; writ prayed in No. 15903 denied.

Arnote, McCain & Emery, for respondent.

Guy L. Andrews, for American National Bank.

Porter & Fuller, Swift & Adams, and Pryor, Stokes & Carver, for Geo. M. Swift.

BRANSON, V. C. J. Herein are involved two actions, invoking the original jurisdiction of this court, to issue writs of prohibition. The first one filed in this court is No. 15269, entitled "State of Oklahoma ex rel. J. F. McMurray, Relator, v. District Court of Hughes County, Oklahoma, and George Crump, Judge of the District Court of Hughes County, Okla." The second is No. 15903. entitled "State of Oklahoma ex rel. W. W. Pryor, Relator, v. Harve L. Melton, Judge of the District Court of Pittsburg County, Okla."

They involve a conflict of jurisdiction between courts of co-ordinate functions, the one of Hughes county, the other of Pittsburg county. In each case the relator seeks a writ of prohibition, staying further proceedings. In the one case, where J. F. McMurray is seeking relief as to certain property, and in the other case, W. W. Pryor is seeking to subject the identical property to a judgment against one Swift in his favor, rendered in Hughes county after the other suit was filed and injunction issued. On the 31st day of October, 1924, this court stayed all further proceedings by the district court of Pittsburg county in the case there, its jurisdiction as to which is here drawn in question, and all further proceedings in the district court of Hughes county, in the case there, its jurisdiction as to which is here drawn in question, until further order of this court.

J. F. McMurray, relator in No. 15269, had on May 31, 1923, filed suit in the district court of Pittsburg county, and by his amended or supplemental petition in said court pleaded that he was entitled to $5,400 out of a fund, special in its nature, then held by the American National Bank of McAlester, Okla. He pleaded that his interest in this fund arose in brief as follows:

That prior thereto, and for a number of years, there had been pending certain litigation in the United States Court for the Eastern District of Oklahoma, and the courts of appeal from the judgments thereof, in which, among others, Saber Jackson and Martha Jackson made claim, as heirs, to a certain interest in the land, and moneys arising from the large production of oil from an allotment made to a certain Indian by name Barney Thlocco. This litigation had its origin in a case filed, years prior to its termination, by the United States government. entitled "The United States v. Bessie Wildcat and Others." Pending this long litigation, the federal court had appointed receivers of the property, and into their hands the funds were placed.

Among other lawyers representing claimants to shares in this estate was one George M. Swift, who as attorney for said Saber or Martha Jackson, or both of them, had,

either under actual or supposed authority from his clients, associated with him J. F. McMurray, under an oral contract subsequently evidenced by memorandum signed by George M. Swift, to the effect that he, McMurray, should receive 10 per cent. of whatever amount was allowed Swift for services on behalf of his said alleged clients. On the final adjudication of the rights of the contending parties, the government of the United States, having failed to obtain the relief by cancellation of the allotment which it sought, and the interests of the defendants as cross-petitioners, one against the other, having been determined, the said United States Court directed that an amount equivalent to $54,000 be turned over by the receivers for "George M. Swift and his associates." This sum was for attorney fees. This sum was turned to the American National Bank, a codefendant with George M. Swift, in the suit of McMurray in Pittsburg county. At the time this litigation arose, the amount remaining thereof in said bank existed in the form of a Liberty Bond in denomination $10,000, which was by the request in writing made by George M. Swift sold by the American National Bank, and the proceeds thereof were disposed of, with the exception of $6,000, which the said bank retained in the form of a cashier's check. Seeking to assert his interest under his contract with Swift, Swift failing to permit voluntarily to be turned over to him his alleged share, McMurray pleaded a special lien or ownership in the remainder of said fund or property in the possession of the said bank, and sought by his petition to have the trial court of Pittsburg county adjudge and decree that he, McMurray, and not George M. Swift, had such lien or ownership therein, to the amount of $5,400. The effect of his pleading was that the bank merely held this fund in trust for the real owner thereof, and that its ownership to the amount of $5,400 was vested in him, J. F. McMurray, and praying a final judgment and decree which would effectuate the reduction of said fund to his, McMurray's, possession, as the true owner thereof. Both the bank and George M. Swift were parties to this suit, service being had on each. Pending the determination of the issues raised by the petition of McMurray, the district court of Pittsburg county enjoined the bank from making any disposition of the fund or property above referred to. The defendant Swift in said Pittsburg county suit not having his position sustained by the district court of said county preliminary to the trial of the main issues raised by plaintiff's pleading, etc., relator in said cause No. 15269 contends that he, Swift, and

W. W. Pryor collusively obtained a judgment in the district court of Hughes county in favor of Pryor for $7,500. McMurray contends the following facts disclosed by the transcript filed in this court are the ear marks of the collusiveness:

On the 20th of September, 1923, W. W. Pryor filed in the district court of Hughes county a petition against George M. Swift. On that date Swift was present in said county, though that is not his residence, the pleadings filed by him showing his residence to be in Okmulgee county, and summons was served on him in said county of Hughes on that date. Pryor's petition was unverified. It pleaded that the defendant, George M. Swift, owed him $7,500 for alleged services in the same case McMurray had been employed in, and that a certain fund had been ordered paid to "Swift and his associates," and, further, that it had been agreed between the said Pryor and the said Swift that plaintiff's services were reasonably worth $10,000, $7,500 of which remained unpaid. This petition was signed solely by the attorneys for the plaintiff, W. W. Pryor. On the 25th day of September, 1923, the said Swift filed answer in said cause, admitting the allegations contained in Pryor's petition. On the 28th day of September, 1923, a judgment was entered in said cause, in favor of the said Pryor, against Swift, for the sum prayed. On the same date, to wit, September 28, 1923, execution was issued out of said district court of Hughes county to the sheriff of Pittsburg county, Okla., which said execution was returned nulla bona on the same date by the sheriff of Pittsburg county and on the same date, to wit, the 28th of September, 1923, affidavit for garnishment was filed by the said Pryor in the district court of Hughes county, and on the same date, to wit, September 28, 1923, a summons in garnishment was issued by the district court of Hughes county, directed to the American National Bank of McAlester, Okla., and served by the sheriff of Pittsburg county, Okla., on the American National Bank on said date of issue.

However persuasive this apparently concerted action may be, we deem it unnecessary to express an opinion as to the collusiveness of same. The record discloses a situation which, when familiar to any one, he can draw his personal conclusion as to the collusiveness of the judgment. To make comment thereon does not aid us in the conclusion we reach.

On October 2, 1923, the said garnishee bank filed its answer in garnishment in the district court of Hughes county, in which

it stated that it had on hand in the form of a cashier's check the sum of $6,000, and that it had been enjoined from making disposition thereof by the district court of Pittsburg county in cause No. 7010, and that, further than this, the garnishee held no funds or property belonging to the defendant Swift, or in which he was interested. Thereafter, notice was served upon said garnishee by the plaintiff that he elected to take issue on the answer filed by the garnishee.

On December 5th thereafter, his, Pryor's, election to take issue with the garnishee upon his answer was heard by the district court of Hughes county; the said court entering judgment finding:

"That there is no necesstiy for taking any issue with the report of the garnishee filed, and that judgment should be rendered against the said garnishee in favor of the plaintiff, upon the pleadings filed herein. * * * That the injunction spoken of in the answer of the garnishee as being issued in case No. 7010 district court of Pittsburg county, Okla., styled 'McMurray v. George M. Swift,' does not in any manner attempt to enjoin the bank from paying said money under legal process or under order of a legal judgment to the judgment creditors of the said George M. Swift. It is further ordered, adjudged, and decreed by the court that W. W. Pryor have and recover of and from the American National Bank, a corporation, of McAlester, Okla., the sum of $6,000, and that said bank immediately pay said sum of $6,000 to the said W. W. Pryor, or deliver the sum to the court clerk, as garnishee in the above styled cause, for all of which let execution issue."

Shortly thereafter, the garnishee bank filed a motion in the district court of Hughes county to set aside the judgment rendered against it, for that the said court was without authority to enter the judgment against the bank, as not having jurisdiction of the subject-matter of the action, so as to enable it to render a valid judgment against the garnishee, without a prior determination of the rights of the parties, as pleaded in cause No. 7010, in the district court of Pittsburg county; that the allegations of the plaintiff, McMurray, in his suit No. 7010 in Pittsburg county, had drawn in question the title to the specific fund held by the garnishee bank, and that jurisdiction was obtained over both said bank and the defendant Swift, long prior to the suit instituted in Hughes county, for the purpose of trying and determining the issues of ownership as pleaded by the plaintiff, McMurray, and that the same prevented any order out of the latter court that would in any wise prevent the district court of Pittsburg county from rendering judgment as to the controversy raised by the pleadings filed therein. That all of the property or money which the said garnishee bank has or has ever had in which the said defendant, Swift, is in any wise interested, or could claim any interest, was received from the receivers, under order of the United States court, by said bank, and same included the said Liberty Bond. That said Liberty Bond and the funds arising therefrom had been held by the said bank as a special fund, preserving a separate and distinct identity, and is not a part of the property of said bank, and that the relation of debtor and creditor in the ordinary sense, growing out of the implied contract arising from making an ordinary or general deposit in a bank, never arose between the said bank and the defendant, Swift. And further setting out that the said suit filed by McMurray in Pittsburg county long before the Hughes county suit was instituted. and being No. 7010 on the docket of said district court of Pittsburg county, had drawn in question the ownership of said special fund, under an alleged contract pleaded therein, between the said plaintiff, McMurray, and the garnishee's codefendant, Swift, in said cause, and that the garnishee bank had been by said district court of Pittsburg county long since by injunction prevented from making any disposition of said special fund or property until the title thereto, or McMurray's alleged interest in the title thereto, should be adjudged and determined.

To summarize, the issue presented by the instant suits in this court is in effect this: Since the suit was filed by McMurray in Pittsburg county long before the suit was filed by Pryor in Hughes county, alleging that he, McMurray, had an interest in or title to a certain fund on deposit or held in the defendant bank, and since in said action by proper pleading the defendant Swift had had adjudged on demurrer to the petition that the facts pleaded were sufficient as constituting in the plaintiff, McMurray, an interest in said fund, whether the jurisdiction of the court in which the first suit was filed can be deprived of the power to make its final judgment effective as a remedy, and the plaintiff therein be required to subject himself to a foreign court and in a suit filed long thereafter, and required to set up his interest in the funds in said latter court, and the said latter court thereby acquire jurisdiction by garnishment, in favor of a judgment creditor against Swift, of the special fund the title and ownership to which is being litigated in the first court.

The position of the relator, Pryor, in said cause No. 15903 in this court is to the effect that by the garnishment the district court of Hughes county first obtained possession of the res, and that therefore it cannot assert its jurisdiction, and fully determine the interest of all the parties relative to the subject-matter. The effect of this would be to withdraw from the district court of Pittsburg county the jurisdiction invoked, and acquired by the petition filed therein, to determine the ownership of the res which the district court of Hughes county sought to reduce to its possession by the garnishment.

While as a general proposition the possession of the res vests the court which first acquires the jurisdiction thereof with authority to determine all controversies relative thereto, yet this rule does not go to the extent of taking jurisdiction from the first court, in suits brought to enforce liens, adjudge and decree interests in property in cases where, when the interest in the property is adjudged, the necessity may follow that the court whose jurisdiction is first invoked in order to make its decree an effective remedy, that the property itself be actually brought into the possession of the court.

The contention of the relator in the original cause herein, No. 15269, is stated, we think, in apt language by the Circuit Court of Appeals of the Eighth Circuit, in the case of Merritt et al. v. American Steel Barge Co., 24 C. C. A. 530:

"The possession of the res vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. This rule is essential to the orderly administration of justice and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons. Freeman v. Howe, 24 How. 583; Wiswall v. Sampson, 14 How. 52; Pack v. Jenness, 7 How. 612, Taylor v. Carryl, 20 How. 683; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355; Heidritter v. Oilcloth Co., 112 U. S. 294, 5 Sup. Ct. 135; Riggs v. Johnson Co., 6 Wall. 166; Central Trust Co. of New York v. South Atlantic & O. R. Co., 57 Fed. 3.

"The doctrine in question is not limited in its application to cases where property has actually been seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in all other suits of a similar nature, where, in the progress of the litigation, the court may be compelled to assume the possession and control of specific personal or real property. In cases of the latter kind, the rule is that the tribunal which first acquires jurisdiction of the cause by the issuance and service of process is entitled to retain it to the end, without interference or hindrance on the part of any other court."

Long v. Choctaw, Oklahoma & Gulf R. Co., 87 C. C. A. 311, and the numerous cases there cited; Gates v. Buski, 4 C. C. A. 116; Chittend v. Brewster, 2 Wall. 191; Horton v. Smith, 18 How. 263; Owens v. R. R. Co., 20 Fed. 10; Union Mutual Life Ins. Co. v. University of Chicago, 6 Fed. 445.

The rule thus quoted was in substance adhered to by this court in a case entitled State ex rel. Ketchum v. District Court of Tulsa County, 82 Okla. 54, 198 Pac. 480. In the case of Black Panther Oil & Gas Co. v. Swift, 69 Okla. 33, 170 Pac. 238, this court in effect said that the jurisdiction over the subject-matter of a cause, once acquired, carries with it the power to enforce its final decree, and to protect in the parties adjudged to be protected the title in litigation.

This rule finds further sanction in the case of Lanyon v. Braden, 48 Okla. 689, 150 Pac. 677; M., K. & T. v. Bradshaw, 37 Okla. 317, 132 Pac. 327, and in the case of Holmes v. Pratt (Utah) 176 Pac. 266. In the latter case, the wife sued her husband for divorce in one county, and enjoined a bank in the same county from disposing of moneys or credits held by said bank alleged to belong to herself and husband. After her suit was filed, a judgment creditor of her husband in a court in another county sought to secure the funds in the bank by garnishment, and the Supreme Court of Utah held that, the right to the funds in the bank being drawn in litigation in the divorce suit first filed, a writ of prohibition sought on relation of the creditors should be denied as against the first court having jurisdiction in the divorce proceedings, until the final determination of the action. Hogan v. Donovan, (Mich.) 64 N. W. 37; 15 C. J. 1137.

In the instant case, McMurray, as an individual capable of owning the fund in the bank, or an interest therein, filed his petition the 31st day of May, 1923, in which he alleged an ownership, pleading in his petition alleged memorandum of a contract with the defendant Swift, which gave him the ownership claimed in the specific fund held by the bank; the said McMurray praying in his said pleadings, among other things, a judgment against the said George M. Swift, that he, the plaintiff, was entitled to $5,400,

and that the bank be directed to deliver the sum to the plaintiff.

Both Swift and the bank were parties to this suit, and if on hearing the issues raised, the court adjudged this ownership as pleaded by the plaintiff, it certainly had power to direct the bank either to pay the money to a duly authorized arm off the court or to the plaintiff directly.

The question as stated above shows that the matter drawn in litigation in the court first acquiring jurisdiction is clearly within that court's power, and if this court should allow the controversy to be removed to another county, and taken away from the district court of Pittsburg county, the precedent thereby established would without doubt lead to chaos and confusion by other courts of concurrent jurisdiction, under similar circumstances, undertaking to litigate the same controversy.

McMurray's petition having alleged ownership in the fund held by the bank, if the court should finally determine that the plaintiff in the action in the Pittsburg court was the owner of said fund, but in the meantime the district court of Hughes county is allowed to withdraw the same, then the decree of the Pittsburg district court would be vain and useless, as nothing would be left within its jurisdiction on which to make its judgment and decree effective. Such a rule would permit the last court whose jurisdiction is invoked, if successful in obtaining possession of the property, to determine the rights of all the parties interested, in disregard of the fact that a court of concurrent jurisdiction had acquired the power to try and determine the controversy. Should it be determined by the district court of Pittsburg county on final judgment that the plaintiff in said court possesses no interest in said fund, then the relator in said cause No. 15903 can further pursue his remedy, but under the rules of law announced above, the district court of Pittsburg county should retain the jurisdiction of the controversy which originated there to final judgment. The judgment of the Hughes county district court purporting to subject the res to the judgment of Pryor against Swift was in excess of its jurisdiction.

The writ of prohibition prayed in cause No. 15903 is denied. Let the writ as prayed in cause No. 15269 issue.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 15 C. J. p. 1137; (2) 32 Cyc. p. 605.