## STATE ex rel. DILLARD v. GASSAWAY, Judge, et al.

No. 20473. Opinion Filed March 11, 1930.

Brown & Brown, for petitioner.

I. L. Cook, for respondents.

SWINDALL, J. This is an action invoking the original jurisdiction of this court to issue a writ of prohibition against the district court of Atoka county from proceeding in an action styled "Cub F. Dillard, Plaintiff, v. C. G. Maxwell, as Sheriff of Atoka County, Okla." The undisputed facts before this court show that Mrs. Vada Dillard is a resident and citizen of Carter county, Okla., and that the defendant, P. L. Gassaway, is judge of the district court in and for Atoka county, Okla., and that Cub F. Dillard is a resident of Atoka county, Okla., and that on the 9th day of May, 1929, Mrs. Vada Dillard filed a suit in the district court of Carter county, Okla., for divorce and alimony, the same being case No. 16892, wherein Mrs. Vada Dillard is plaintiff and Joe C. Dillard is defendant, and that in said cause summons was issued and personally served, as by law provided, upon the defendant, Joe C. Dillard. At the same time, Hon. Asa E. Walden, judge of the district court in and for Carter county, made an order that the plaintiff in that action was entitled to the possession of the automobile referred to in this action, and that the defendant in said action took the same without right or authority of law, and that said defendant in that action was by said order, commanded and directed to deliver to the sheriff of Carter county instanter the automobile described in said order, and that

said sheriff or other peace officer was directed and commanded to seize said automobile wherever it might be found within the state of Oklahoma, and hold the same subject to the further order of the court. The sheriff of Carter county, under said order, took possession of the automobile described in said order, and stored same in a garage in the city of Ardmore, Okla., and personally served a copy of the order on Joe C. Dillard, the defendant in that action.

Thereafter, on the 10th day of May, 1929, Cub Dillard, as plaintiff, filed in the district court of Carter county, Okla., a petition in replevin against Vada Dillard alleging that he was the owner of and entitled to immediate possession of the automobile which was taken possession of by the sheriff under order of the district court of Carter county, Okla. Thereafter, while each of said actions was pending in the district court of Carter county, and on the same date and during the nighttime of said day, said Cub F. Dillard entered the building where said automobile was stored and without right or authority of law took the same without the knowledge or consent of the sheriff of Carter county, Okla., or the parties with whom the same was stored, and took said automobile into Atoka county.

When said facts were made known to the district court of Carter county, Okla., Judge Asa E. Walden, a judge of the district court of Carter county, in said district court, at Ardmore, Okla., on the 13th day of May, 1929, made an order directing the sheriff of Carter county, or any other peace officer in the state of Oklahoma, to seize and hold said car wherever it might be found, and to return the same to the jurisdiction of said court to the end that the property rights relative to the same could be determined by said court, and that thereafter on the 16th day of May, 1929, the sheriff of Atoka county, Okla., seized said automobile and held the same under and by virtue of the last-mentioned order of the district court of Carter county, Okla. While said automobile was being so held by said sheriff of Atoka county, and before the same could be returned to the sheriff of Carter county, Okla., the defendant Cub F. Dillard filed in the district court of Atoka county, on the 16th day of May, 1929, an action in replevin, the same being case No. 4548 in the district court of Atoka county, and thereby secured the possession of said automobile from the custody of said sheriff of Atoka county, Okla.

The sheriff of Atoka county filed an answer in said replevin action in which he stated that as such sheriff he received a purported order of court signed by Asa E. Walden, district judge of Carter county, Okla., commanding him to seize the property herein replevined, and that, acting under and by virtue of the authority of said purported order, he seized said automobile and held the same subject to the order of this court, a copy of which said order of the district court of Carter county, Okla., was attached to said answer. There was also filed in the district court of Atoka county, Okla., a motion by Mrs. Vada Dillard calling the attention of the district court of Atoka county to the proceedings pending in the district court of Carter county, Okla., as above stated. Entirely disregarding the orders made by the district court of Carter county in the case of Mrs. Vada Dillard, Plaintiff, v. Joe C. Dillard, Defendant, for divorce and alimony, and the manner in which Cub F. Dillard had secured possession of said automobile in Carter county, the district court of Atoka county, on the 13th day of June, 1929, proceeded to hear the action No. 4548, of Cub F. Dillard v. C. G. Maxwell as sheriff, and rendered judgment in favor of the plaintiff, Cub F. Dillard, for the possession of the automobile which was taken by Cub F. Dillard from the sheriff of Carter county, and out of the jurisdiction of Carter county, without the consent of the district court of Carter county, and the district court of Atoka county, in said judgment, further finds that the plaintiff, Cub F. Dillard, is an innocent purchaser of said automobile for value and without notice, either constructive or actual, and that plaintiff was an innocent purchaser of said car and is the owner thereof. The district court of Atoka county further found that the district court of Carter county was without jurisdiction so far as the plaintiff, Cub F. Dillard, in the action in Atoka county was concerned, and that said court had no jurisdiction over said automobile, and that said order issued by Asa E. Walden, district judge of Carter county, Okla., in case No. 16892, Vada Dillard v. Joe C. Dillard, is void and of no effect as to said automobile and the plaintiff, Cub F. Dillard, for the reason that the court was and is without jurisdiction. We cannot agree with the learned trial judge of the district court of Atoka county.

This court, in State ex rel. McMurray v. District Court of Hughes County et al.;

142

State ex rel. Pryor v. Melton, District Court Judge, 108 Okla. 32, 235 Pac. 234, held:

"Where an action has been filed in a district court of this state for the purpose of having adjudged ownership in certain property, or a lien thereon, and process is served on the defendants, the property the tit e or lien on which is thus sought to be adjudged cannot be taken from the jurisdiction of such court by another court of co-ordinate jurisdiction, seeking to seize the same by a writ of garnishment in favor of a judgment creditor in said latter court. The first court thus acquiring jurisdiction, on final decree, would have the right to the control of the property, to direct its delivery, either to court or to the party adjudged entitled thereto, and another court, on a judgment rendered subsequent to the filing of the first suit, cannot deprive the first court of the power to make its final judgment effective by taking from its jurisdiction and possibly its necessary control the subject-matter in litigation."

This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons.

In the instant case it is held that the judge of the district court of Atoka county had no jurisdiction to enter a judgment in favor of the plaintiff in the action in said court, subjecting the property in the legal possession of the sheriff of Carter county and under the jurisdiction and control of the district court of Carter county in a subsequent action commenced in Atoka county. The district court of Carter county had jurisdiction over the action of Vada Dillard against Joe Dillard for divorce and alimony, and to order the property of Joe Dillard held subject to the final decree in that action. If this property was the property of Cub F. Dillard, he could intervene in the divorce action of Vada Dillard v. Joe C. Dillard and estab'ish his right to this property, or he could have proceeded with the replevin action he instituted in Carter county and filed his bond in replevin and caused a writ of replevin to issue against the sheriff of Carter county; but this court will not permit any person to unlawfully and wrongfully secure possession of property from an officer having the custody thereof under an order of a court, and take the same into the jurisdiction of another court of co-ordinate jurisdiction and thereby defeat the first court of its jurisdiction to determine the rights of property. To permit such a course by litigants would defeat the orderly administration of justice in the district courts of this state.

Such a rule would permit the last court whose jurisdiction is invoked, if successful in obtaining possession of the property, to determine the rights of all parties interested in disregard of the fact that a court of co-ordinate jurisdiction had acquired power to try and determine the controversy. Should it be determined by the district court of Carter county, on final judgment, that the plaintiff in the action of Vada Dillard v. Joe C. Dillard is not entitled to the relief prayed, or should it be determined by the district court of Carter county that Cub F. Dillard is the owner of the automobile involved in said actions, then the respondent, Cub F. Dillard, may further pursue his remedy for the possession of said property. But, under the rule of laws announced above, the district court of Carter county should retain the jurisdiction of the controversy, which originated there, to final judgment. The judgment of the district court of Atoka county, purporting to subject the automobile to the judgment of Cub F. Dillard against C. G. Maxwell, as sheriff of Atoka county, was in excess of its jurisdiction. Let the writ as prayed issue.

MASON, C. J., and RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. CLARK, J., dissents. LESTER, V. C. J., and HUNT, J., absent.

---

CLARK, J. (dissenting). The record in this court discloses that on the 9th day of May, 1929, Vada Dillard filed in the district court of Carter county, Okla., a petition for divorce against her husband, Joe C. Dillard. Said petition was unverified when filed. The record further discloses that on May 10, 1929, Vada Dillard verified said petition. Summons was issued out of the said court on the 9th day of May, 1929, and served on Joe C. Dillard on the 10th day of May, 1929. On the 10th day of May, 1929, the district court made an order to the defendant, Joe C. Dillard, and directed the defendant, Joe C. Di'lard, to deliver a Buick automobile, described in plaintiff's petition, to the sheriff of Carter county. The order further directed the sheriff or other peace officer to seize and hold said automobile, subject to the further orders of the court. Said order was signed by Asa E. Walden, district judge, on May 10, 1929. The sheriff made return on said order, in which he stated that he had in custody the car described, and stored it in what is known as the Tom Cooper Garage in the city of Ardmore, Okla. On the 13th day of May, 1929, the district court of Carter county, in the case of Vada Dillard v. Joe C. Dillard, found that one Cub

F. Dillard, respondent herein, had entered the building occupied by the Barrett Motor Company on the 11th day of May, 1929, about the hour of 7:30 p. m. and ordered the man in charge to open the back door, which was done, at which time the said Cub F. Dillard, at the time aforesaid, drove the car out of said building, and has since disappeared. The court made an order in part as follows:

"The court, without determining the ownership of said property, or the rights of the parties herein, or any other parties interested in said property, which matter will be determined at a proper hearing to be had by this court, does hereby order and direct that the sheriff of Carter county, Okla., or any other peace officer of the state of Oklahoma, to seize said car wherever it may be found, and hold said car in the custody of the sheriff of Carter county, as herein provided, until further ordered by this court."

On the 16th day of May, 1929, C. G. Maxwell, sheriff of Atoka county, Okla., took charge of said car, under this order, from the possession of Cub F. Dillard. On the 16th or 17th day of May 1929, Cub F. Dillard filed in the district court of Atoka county, Okla., a suit in replevin against C. G. Maxwell, sheriff of Atoka county, for possession of said automobile. The sheriff filed an answer in which he pleaded that he took possession of said automobile by virtue of the order of Asa E. Walden, district judge of Carter county, Okla., and attached to his answer a copy of said order. Thereafter, Vada Dillard, by her attorneys, Brown & Brown, filed in the district court of Atoka county, Okla., a motion in which she alleged that Cub F. Dillard had taken said car out of Carter county, Okla. She alleged that said automobile had been seized by the sheriff of Carter county, Okla., and placed in the Barrett Motor Company of Ardmore, Okla., as custodian; that on the 10th day of May, 1929, Cub F. Dillard had taken said car from Carter county, Okla., without authority of law, without the knowledge or consent of the custodian of said car; and prayed that the district court of Atoka county do not take jurisdiction over said property; that said property be returned to the sheriff of Carter county to the end that it may be returned to the court over which original jurisdiction over said property was acquired. On the 13th day of June, 1929, trial was had in the district court of Atoka county, in which the district court adjudged and decreed that the plaintiff, Cub F. Dillard, have immediate possession of said automobile. On the 18th day of June, 1929, Vada Dillard filed in this court her petition for writ of prohibition against the district court of Atoka county, Okla., P. L. Gassaway, district judge, and Cub F. Dillard, which prayed she have a writ of prohibition, and that the defendants herein be commanded to desist and refrain from further proceedings in said cause No. 4548 in Atoka county, Okla.; that said defendants refrain in any capacity from exercising jurisdiction over the property mentioned in said action. Said application for prohibition was served by mailing a copy to Mr. I. L. Cook, attorney of record for Cub F. Dillard, attorney at law, Atoka, Okla. Alternative writ of prohibition was issued out of this court on the 27th day of June, 1929. Nothing on said writ, filed herein, shows that said writ was ever served on P. L. Gassaway, district judge. This court has held in numerous cases that the writ of prohibition will not issue to prohibit a court from entering a judgment after said judgment has been entered. The judgment complained of herein was entered by the district court of Atoka county, and became final on the 13th day of June, 1929. The application for a writ of prohibition was filed in this court on the 18th day of June, 1929. The record in this court discloses that petitioner was not entitled to the relief prayed. The majority opinion holds that the district court of Carter county had jurisdiction of this property and having jurisdiction of the property, its orders were binding on the defendant, Cub F. Dillard, and on the district court of Atoka county, Okla. Said rule is contrary to the former holding of this court and of the great weight of authority as announced by this court in the case of Town of Buffalo v. Walker, 126 Okla. 6, 257 Pac. 766, the second paragraph of the syllabus of which reads as follows:

"Where it is contended that the rights of innocent third parties are involved in an action and they are not made parties to the action, their rights cannot be determined in the trial court nor by appeal to this court."

This is but a brief statement of the law as has been announced by this court since its organization. Cub F. Dillard, not being a party to the cause in Carter county, and no attempt having been made by petitioner to make him a party, he is not bound by the orders of the district court of Carter county made affecting his property or the right of possession of his property. This court, in the case of Winona Oil Co. v. Barnes, 83 Okla. 248, 200 Pac. 981, in the eighth paragraph of the syllabus said:

"A judgment is 'void' when it affirmatively

appears from the inspection of the judgment roll that any one of three following jurisdictional elements are absent: First, jurisdiction over the person; second, jurisdiction of the subject-matter; and third, judicial power to render the particular judgment."

It affirmatively appears from the inspection of the judgment roll of the case at bar that the first essential was lacking, that is, jurisdiction over the person. The Supreme Court of United States, in the case of Scott v. McNeal, 154 U. S. 34, at page 46, said:

"No judgment of a court is due process of law if rendered without jurisdiction in the court or without notice to the party."

Under this holding, which is considered by the writer of this opinion good authority, the order made in the case in the district court of Carter county was absolutely void as to Cub F. Dillard, for the reason he was not a party to said action, and was in no way bound thereby. Did the district court of Atoka county have jurisdiction in the suit in replevin to determine the right of possession of the car? The Territorial Supreme Court, in case of B. W. Burchett v. C. M. Purdy, reported in 2 Okla. 391, in the opinion, at page 394, says:

"The record shows that this action was brought against B. W. Burchett in his individual capacity, and not as a sheriff of Kingfisher county. And the evidence discloses, as above stated, that the levy was made under and by virtue of the execution against Lee. This is claimed by plaintiff in error as a fatal variance and assigned as his first ground for reversal of the court below. We cannot assent to this doctrine.

"When a person wrongfully detains property, it is immaterial in what capacity he assumes to hold it. The person from whom property is wrongfully taken is not required in law to know, and cannot always ascertain, by what authority the person wrongfully taking it assumes to have acted. The important point is the wrongful taking or detention, and by whom detained, and not the capacity in which the person detaining the property is acting. It is clearly proper to bring an action in replevin against a defendant in his individual capacity. * * * If the defendant is acting as agent, sheriff, or otherwise, it is a matter in defense to be pleaded and proved as any other fact.

"The plaintiff cannot always tell certainly by what right one interfering with his possession claims to act, and the only safe way is to make the person interfering with his right of possession defendant, and let him plead his agency, or official character, as a defense, if he is not acting for himself. (Cobbey on Replevin, 228; Berghoff v. McDonald, 87 Ind. 549; Rose v. Cash, 58 Ind. 278.)"

This holding of the territorial Supreme Court has been cited with approval and followed by this court a number of times, and was the law in this jurisdiction prior to the adoption and filing of the majority opinion. The district court of Atoka county had jurisdiction of the person, jurisdiction of the property, and jurisdiction to enter the particular judgment. If error of law was committed, it could only be corrected on appeal, and not by prohibition. In the case of Hirsh v. Twyford, 40 Okla. 220, 139 Pac. 313, in the sixth paragraph of the syllabus, this court laid down the following rule:

"On application for prohibition the only inquiries permitted are whether the inferior court is exercising a judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it, and consequently, this court will not investigate the merits of the cause before the inferior court."

This rule has been cited and followed by this court since it was announced December 30, 1913, and should be adhered to. The question of whether or not the district court of Atoka county had jurisdiction to determine the right of possession of the automobile in question was submitted to that court by all the parties to the cause in this court, Petitioner here invoked the jurisdiction of that court to determine the identity of the property, to determine the validity of the order executed out of the district court of Carter county, Okla., and to determine the right of possession of the automobile in question; that cause having been determined against petitioner, the only remedy was by appeal and not prohibition. The majority opinion cites State ex rel. McMurray v. District Court of Hughes County, 108 Okla. 32, 235 Pac. 234, as authority for the holding in the majority opinion. That cause is distinguished from the majority opinion for the reason the court bases the jurisdiction of the district court of Pittsburg county on the following facts: Both the bank and Joe M. Swift were parties to this suit, service being had on each pending the determination of the issues raised by the petitioner, McMurray. The district court of Pittsburg county enjoined the bank from making any disposition of the property above referred to. That case would be authority for the majority opinion herein if the district court of Carter county had acquired jurisdiction of Cub F. Dillard in a manner provided by law. The district court of Atoka county had jurisdiction of this cause for the reason that it had jurisdiction to enter the judgment

entered. The majority opinion states that a replevin suit could be maintained by Cub F. Dillard for possession of this car in Carter county, thereby giving to the district court of Carter county the jurisdiction denied the district court of Atoka county. It follows as day follows the night if the owner could replevin from the sheriff of Carter county his automobile, if said automobile was in the custody of the sheriff of Atoka county, the same right—the same jurisdiction—would be available to replevy the car in Atoka county.

This is a collateral attack on the final judgment of the district court of Atoka county. This court, in the case of Powers v. Brown, 122 Okla. 40, 252 Pac. 227, in the third paragraph of the syllabus says:

"A 'collateral attack' on a judgment or judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner other than by appeal, writ of error, certiorari, or motion for a new trial, or by proper action in equity."

This is an attempt to invalidate a valid judgment by prohibition. The majority opinion states that the Carter county district court had jurisdiction of the res. If that is a rule of law to be followed in this state, then district courts could transfer the custody from one citizen to another, and take from our citizens the custody of their property without making them a party to the action in which the order was made. Moreover, it is contended that the finding of the district court of Atoka county that it had jurisdiction was a mistake of law, and for that reason the judgment is void and subject to collateral attack. In the case of Welch v. Focht, 67 Okla. 275, 171 P. 730, this court said:

"We find the general rule obtaining to be that, where the court is one having power to grant the relief sought and having the parties before it, the fact that the petition defectively states a cause of action, or states it not at all, does not make the judgment void on collateral attack, but, on the contrary, if the relief demanded by the petitioner can be ascertained from the allegations in the petition, no matter how defective they are, or how many necessary ones are omitted, the judgment is not void on collateral attack."

This court, in the case of Dennis v. Kelley, 81 Okla. 155, 197 Pac. 442, in the second paragraph of the syllabus says:

"A judgment not appealed from is no less conclusive because it is based upon mistake of law."

This court said, in the body of the opinion in Dennis v. Kelley, supra:

"The fact that the judgment might be erroneous is not material, is the holding of this court in the case of National Surety Co. v. Hanson Builders' Supply Co., 64 Okla. 59, 165 Pac. 1136, where the court stated as follows: 'A judgment is no less conclusive because it is based upon a mistake of law.' "

In the case of National Surety Co. v. Hanson Builders' Supply Co., 64 Okla. 59, 165 Pac. 1136, the syllabus reads as follows:

" 'Jurisdiction' is the power to hear and determine the subject-matter in controversy between the parties to an action or in a statutory proceeding; to adjudicate or exercise any judicial power over them.

"Where the trial court, having jurisdiction both of the parties and the subject-matter, regularly renders a judgment, it is without power, after the expiration of the term, to set such judgment aside because of an error made in its rendition.

"A judgment is no less conclusive because it is based upon a mistake of law."

In Chivers v. Board of Com'rs of Johnston County, 62 Okla. 2, 161 Pac. 822, at page 824, this court says in its opinion:

"If the court had jurisdiction of the parties and subject-matter, and rendered a judgment within the issues, though such judgment might have been erroneous and reversible for error of law committed by the trial court, the judgment is not void, and the statute relating to vacating void judgments is not applicable to it."

The district court of Atoka county having jurisdiction of the parties, the subject-matter, and jurisdiction to enter the particular judgment, the same was binding. This judgment was binding on all parties to the action and not subject to collateral attack by prohibition. The district court of Atoka county tried this replevin suit and entered its final judgment, having all the parties before it that are before this court.

Under the law as heretofore announced by this court, the same was binding and became final unless reversed, modified, or vacated on appeal.