## CITIZENS TRUST CO. v. BIRD et al., District Judges.

No. 23569.   Opinion Filed Feb. 28, 1933.

Frank T. McCoy and John R. Pearson, for plaintiff.

A. R. Carpenter, for defendants.

McNEILL, J.   Plaintiff has brought an action in this court for writ of prohibition against Honorable J. W. Bird and Honorable O. C. Wybrant, judges of the district court of Alfalfa county, to prohibit them from proceeding further in a cause of action in the district court of Alfalfa county, case No. 3370, wherein petitioner is a garnishee.

It appears that plaintiff is a corporation with its principal place of business at Pawhuska, Osage county, Okla.; that said plaintiff was executor of the estate of Augustine Ó. Donovan, deceased, and that as such executor has in its hands certain moneys belonging to Jesse Donovan, one of the heirs of said deceased; that the county court of Osage county, in administering said estate, ordered said plaintiff to hold said funds belonging to said Jesse Donovan until the claims of several assignees and creditors of said Jesse Donovan could be determined as to their priority and validity by a court of competent jurisdiction; that all of the persons claiming any right, title, or interest in and to said funds, were present at the hearing before the county court of said county at the time said order was entered on November 19, 1930.   Thereafter, on November 19, 1930, the Knight-Overland Sales Corporation, being one of the claimants appearing before the county court of Osage county at the time of the entry of said order of the county judge on November 19, 1930, instituted an action against said Jesse Donovan in the district court of Kay county, being cause No. 14754, and issued a garnishment summons on said plaintiff, which said garnishment summons was served upon said plaintiff on the 20th day of November, 1930. Thereafter, said plaintiff filed an answer in said cause setting forth therein that several persons were claiming some right, title, or interest, in and to said fund; that at the time of the service of the garnishee summons, said plaintiff as garnishee had in its possession certain money and property bequeathed to said Jesse Donovan, the defendant therein, by the terms of the last will and testament of Augustine C. Donovan, deceased, in the sum of $2,104.17, and certain small items of personal property; thereafter, said plaintiff filed an amendment to its answer of garnishment setting forth that since the filing of said answer, the personal property mentioned therein had been sold, and that, after deducting the expenses of said sale, the sale of said personal property amounted to $68.42, making a total sum of $2,172.59, in the hands of said garnishee; that the names and addresses of the assignees named in the purported assignments referred to in plaintiff's original answer are

as follows: Knight Overland Sales Company, Benj. E. Cook, attorney, Ponca City, Okla.; John A. Keys, Cherokee, Okla.; W. K. Moore, Ponca City, Okla.; Jesse Donovan, W. K. Moore, attorney, Ponca City, Okla.; Morris Rector (judgment creditor); A. R. Carpenter, attorney, Cherokee, Okla.

All of said claimants have entered their appearance and filed answers in said cause in the district court of Kay county, with the exception of said Morris Rector, and foreign service at the time of the filing of the instant suit was being obtained upon the defendant Morris Rector in accordance with sections 250, 255, and 366 C. O. S. 1921.

It also appears that, after the suit was instituted in Kay county, said Morris Rector, one of the aforesaid claimants to said fund, instituted an action against Jesse Donovan in the district court of Alfalfa county, cause No. 3370, and an order was issued out of said court to said plaintiff to answer interrogatories, and the same was served upon plaintiff on or about November 22, 1930, subsequent to the service of garnishment summons issued out of the court of Kay county in cause No. 14754. Said plaintiff in compliance with said order answered said interrogatories.

It also appears that in said cause instituted in the district court of Alfalfa county, said plaintiff recovered judgment against said Jesse Donovan on November 20, 1930. being the same date that the order was issued against said plaintiff to answer interrogatories, and that the defendant in the said action in Kay county, on May 18, 1931, gave his written consent to judgment, and on said date judgment was accordingly rendered in favor of the plaintiff, the Knight Overland Sales Company, a corporation, and against the defendant Jesse Donovan.

On January 28, 1931, the defendant Wybrant issued an order of the district court of Alfalfa county without notice to plaintiff, directing and ordering said plaintiff to pay said sum of money held by said plaintiff into the district court of Alfalfa county. Said plaintiff thereafter filed its motion to vacate said order, and upon a hearing on said motion on May 27, 1931, said defendant Wybrant overruled said motion to vacate, but modified the order requiring the plaintiff to pay said sum into said district court of Alfalfa county, whereby said plaintiff was allowed to retain supervision of the funds until the further order of the court and ordered aforesaid claimants to said fund to be made parties defendant to the action then pending in the district court of Alfalfa county, among which was the nonresident of the state of Oklahoma, the Knight Overland Sales Company, a corporation of Ft. Worth, Tex., being the plaintiff in said cause No. 14754, pending in the district court of Kay county, Okla.

Thereafter, on April 18, 1932, without notice to plaintiff, the Honorable J. W. Bird, as district judge of the district court of Alfalfa county, modified the order of said court made and entered on May 27, 1931, by the Honorable O. C. Wybrant, ordering and directing plaintiff to forthwith pay said fund to the court clerk of Alfalfa county, to be held by said court clerk until the further order of said court.

Plaintiff insists that the district court of Kay County first acquired jurisdiction of said fund after the county court of Osage county, Okla.; that plaintiff has no adequate remedy by appeal as the same would be inadequate and insufficient, and that unless a writ of prohibition is granted, said plaintiff would be compelled in obedience to the district court of Alfalfa county, made and entered on April 18, 1932, to pay said fund to the clerk of said court, and thereafter would be liable for any judgment which may be rendered in the district court of Kay county, Okla., the court which first acquired jurisdiction of said fund after said county court of Osage county, Okla.

It appears that said claimants instituted a race in the district courts of Kay and Alfalfa counties, respectively, to acquire jurisdiction of the funds held by said plaintiff after the determination of the distributive share of Jesse Donovan in the aforesaid estate of Augustine C. Donovan, deceased, by the county court of Osage county, Okla. Plaintiff has properly presented his application to this court to prevent a seeming conflict between said courts as to the jurisdiction of said funds held by said plaintiff. In section 2, art. 7, of the Constitution, the original jurisdiction of the Supreme Court shall extend to the general supervisory control over all inferior courts. The district court of Kay county first acquired jurisdiction of said fund held by said plaintiff. This court, in the case of State ex rel. Dillard v. Gassoway, District Judge, 142 Okla. 140, 285 P. 978, in an opinion by Mr. Justice Swindall, said:

"This court, in State ex rel. McMurray v. District Court of Hughes County, and State ex rel. Pryor v. Melton, District Court Judge, 108 Okla. 32, 235 P. 234, held:

" 'Where an action has been filed in a district court of this state for the purpose of having adjudged ownership in certain property, or a lien thereon, and process is served on the defendants, the property, the title or lien on which is thus sought to adjudged, cannot be taken from the jurisdiction of such court by another court of co-ordinate jurisdiction, seeking to seize same by a writ of garnishment in favor of a judgment creditor in said latter court. The first court thus acquiring jurisdiction, on final decree, would have the right to the control of the property, to direct its delivery, either to court or to the party adjudged entitled thereto, and another court, on a judgment rendered subsequent to the filing of the first suit, cannot deprive the first court of the power to make its final judgment effective by taking from its jurisdiction and possibly its necessary control the subject-matter in litigation'."

We are in accord with this rule, and same is controlling herein.

Writ granted.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BUSBY, and WELCH, JJ., concur. ANDREWS and BAYLESS, JJ., absent.