**ATLAS SUPPLY CO. v. ROBERTS et al.**

No. 26135.    April 6, 1937.

Rehearing Denied May 18, 1937.

Chas. L. Yancey, G. C. Spillers, Donald L. Brown, and E. M. Calkin, for plaintiff in error.

M. A. Dennis, Horsley & Epton, and Anglin & Stevenson, for defendants in error.

PER CURIAM. The defendant in error, J. A. Roberts, commenced this action against Pringle & Marshall, a copartnership, in the district court of Hughes county, cause No. 9042, to foreclose his oil and gas well lien against the "Church Lot" oil and gas lease on June 5, 1933. On June 12, 1933, L. C. Jones filed suit against Pringle & Marshall in the district court of Hughes county, cause No. 9058, to foreclose his oil and gas well lien

against the "Gentner and Atkins" oil and gas lease. Suit was also filed by J. J. Dooley in cause No. 9162 in the same court. The three cases were consolidated under cause No. 9042. There were numerous lien claimants and cross-petitioners in the consolidated case. On March 5, 1934, judgment was entered in consolidated case No. 9042, determining priorities, decreeing foreclosure, and directing the sale of the three oil and gas leases and properties involved to satisfy the judgment. On April 24, 1934, the district court of Hughes county appointed G. C. Eaton receiver to sell the properties to satisfy the decree of foreclosure.

On May 10, 1934, the plaintiff in error, Atlas Supply Company, a corporation, filed its petition in intervention in said consolidated cause No. 9042, alleging that on the 13th day of June, 1933, the Murray Tool & Supply Company, Inc., filed its certain cause in the district court in and for Tulsa county, Okla., being cause No. 56525, against Pringle & Marshall, to establish certain liens and obtain a judgment against Pringle & Marshall and praying for the appointment of a receiver, and that Neil Templeman was, on the 14th day of June, 1933, appointed and qualified and began to act as receiver for the property of Pringle & Marshall over property located in Tulsa county, and also property located in Hughes county, Okla., and that Neil Templeman, receiver, took possession of the oil and gas wells in Hughes county; that said receiver ascertained that the wells in Hughes county had ceased flowing, and that it was necessary that certain pumping machinery and equipment be purchased and installed in order that the wells might be made to produce oil, and that the said oil wells in Hughes county were at that time dead and failed to flow or produce oil and would not do so without the purchase and installment of the said pumping equipment; that receiver Templeman obtained an order from the district court of Tulsa county on the ____ day of June, 1933, authorizing him to expend the sum of approximately $4,700 for the purpose of purchasing and erecting a derrick on the Gentner lease in Hughes county, and for the purpose of purchasing and installing tubing and rods and other incidental equipment on the Gentner lease and Atkins lease and authorizing him to execute his notes in payment for the material and equipment, and that pursuant to the order of the district court of Tulsa county, the Atlas Supply Company sold and delivered to receiver Templeman supplies and equipment for the purpose ordered in

the total sum of $3,543.90, and while the receiver was operating said wells, furnished additional equipment in the sum of $575.70, and that the supplies and equipment inured to the benefit of the lien claimants and judgment holders in cause No. 9042 in the district court of Hughes county; and that if the receiver had not installed the equipment purchased from the Atlas Supply Company, the property would have deteriorated in value and would have been practically worthless, and that the lien and judgment holders in consolidated cause No. 9042 would have realized nothing therefrom. The Atlas Supply Company prayed for an order out of the district court of Hughes county directing the receiver, Eaton, to allow its claim as a preferred claim against the estate in his hands, and that the same be paid in preference to any of the judgments rendered by the district court of Hughes county, and that it have judgment for $3,543.90, together with interest thereon.

Prior to the filing of its petition in intervention, the Atlas Supply Company applied for a writ of prohibition in the Supreme Court of Oklahoma in cause No. 25422, seeking to prevent the receiver appointed by the district court of Hughes county from taking possession of the leases involved in consolidated cause No. 9042 for the purpose of sale, which application was denied.

It does not appear affirmatively from the record when the summonses issued in cause No. 9042 and 9058 filed in the district court of Hughes county on June 5, 1933, and June 12, 1933, respectively, and the plaintiff in error does not raise this issue. Therefore, we assume that summons was duly issued in each case upon the filing of each petition in said court.

It does not appear that any of the lien claimants on the leases located in Hughes county were parties to cause No. 56525 in the district court of Tulsa county, nor does it appear that any of said lien claimants were notified of the receiver Templeman's application to the district court of Tulsa county for authority to purchase equipment and issue receiver's certificates for the payment therefor. Receiver Templeman, after his appointment by the district court of Tulsa county, took charge of the Hughes county property involved in consolidated cause No. 9042 in the district court of Hughes county, and operated the same until shortly prior to the time receiver Eaton took possession of the property. Receiver Eaton was

appointed only for the purpose of selling the property and applying the proceeds of the sale to the payment of the lien claims of the parties in cause No. 9042 in the district court of Hughes county. Receiver Eaton, after his appointment, took possession of the property and sold the same and the sale was confirmed by the district court of Hughes county over the objection of the plaintiff in error, the Atlas Supply Company, on the ground that the receiver had no authority to sell the property which the Atlas Supply Company had sold to the receiver and which had been placed on the Hughes county leases. This objection is assigned as error, but is not argued by the plaintiff in error in its brief.

Upon a hearing, the district court of Hughes county rendered judgment in favor of the Atlas Supply Company for the amount prayed for and allowed its lien to prorate along with other lien claimants in the proceeds of the sale of the oil and gas leases foreclosed in the action, but denied the Atlas Supply Company a prior lien against the proceeds from the sale held by the receiver Eaton. It is from this judgment that the plaintiff in error appeals.

Several assignments of error are made, but the only questions urged by the plaintiff in error are:

(1) Whether or not the district court of Tulsa county had prior jurisdiction over the property as to the district court of Hughes county; and (2) whether or not receiver's certificates issued for materials and equipment necessary for the preservation of the assets in the possession of the receiver are prior to existing liens against the property of the claimants without notice and not parties to the action in which the receiver was appointed.

We assume that the district court of Tulsa county had the power under its general jurisdiction to appoint a general receiver for the properties of Pringle & Marshall. We are then presented with the question as to what effect the appointment of the receiver had upon the actions then pending in the district court of Hughes county, a court of co-ordinate and concurrent jurisdiction, to foreclose the oil and gas well liens upon the property located within the jurisdiction of the district court of Hughes county. It is not disputed that the action to foreclose the oil and gas well liens in the district court of Hughes county was commenced prior to the time of the filing of the action in the district court of Tulsa county. An action to foreclose a lien is a proceeding in rem, and jurisdiction attaches in a proceeding in rem when the bill is filed and process issued thereon. 27 Cyc. 323.

This court in passing upon a similar question in the case of State ex rel. Ketchum v. District Court of Tulsa Co., 82 Okla. 54, 56, 198 P. 480, 482, said:

"It was contended by counsel for the respondents in this cause that the district court of Tulsa county first acquired possession of the property through its receiver, and will retain it to the exclusion of every other court. We cannot concur in this contention. Counsel for respondents cited many authorities in their brief and in the oral argument of the cause the case of Knott v. Evening Post Company, 124 Fed. 342, was presented with a great deal of force as sustaining the contention of the respondents, but upon an examination of this authority we find that the opinion was rendered in the Circuit Court for the Western District of Kentucky by District Judge Evans, but the action was appealed to the Circuit Court of Appeals for the Sixth Circuit (130 Fed. 821-824), and in a very able opinion by Circuit Judge Severens, the cause was reversed and the following rule announced:

" 'Held, that the state court had first acquired jurisdiction of the subject-matter of the administration of such corporation's assets, though it had not first taken physical control thereof, and hence was entitled to their surrender by the receiver of the federal court. * * * "Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trust, or liquidate insolvent estates, and in suits of a similar nature, where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected.' " * * *

"In the case at bar, from the time of the filing of the petition to foreclose the lien and the issuance and service of process, the Okmulgee county district court acquired exclusive jurisdiction over the property in controversy and the district court of Tulsa county is without jurisdiction to interfere or hinder the enforcement of the judgment of the district court of Okmulgee county, and the receiver appointed by the Tulsa county court, if valid, is without authority to in any way interfere with the proceedings in the Okmulgee county district court, except he may appear and make application to be made a party to such action for the purpose of presenting any defense that may be made against the enforcement of the lien, such as the defendant may have made."

The rule above stated has been followed in this court in State ex rel. McMurray v. District Court of Hughes County, Okla., and State ex rel. Pryor v. Melton, Judge, 108 Okla. 32, 235 P. 234, and was in substance adhered to by this court in the case of Black Panther Oil & Gas Co. v. Swift, 69 Okla. 33, 170 P. 238, and in the case of State ex rel. Dillard v. Gassaway, 142 Okla. 140, 285 P. 978.

In the case at bar, from the time of the filing of the petition in causes Nos. 9042 and 9058 to foreclose the oil and gas well liens and the issuance of process, which was thereafter, we assume, duly served, the action was deemed commenced, and the district court of Hughes county, although actual physical possession of the property was not taken, acquired such jurisdiction over the property in controversy as to place it in custodia legis so that no other court of co-ordinate or concurrent jurisdiction could interfere with the enforcement of its final decree, and although the receiver subsequently appointed by the district court of Tulsa county may have had lawful possession and management of the properties for a time during the interim, his control and management was subject to the final decree and subsequent orders enforcing the final decree of the district court of Hughes county. We are of the opinion, and hold that the appointment of the receiver by the district court of Tulsa county and all subsequent orders and proceedings had no effect whatsoever on the actions then commenced in the district court of Hughes county, except that the receiver might have appeared and made application to be made a party to such actions for the purpose of presenting any defense that might have been made against the enforcement of the liens such as the defendant might have had.

Since the orders and proceedings made and had in the district court of Tulsa county have no effect whatsoever on the actions then commenced in the district court of Hughes county, with the exception above stated, the receiver's certificates are, therefore, of no force and effect as to the liens under foreclosure in the district court of Hughes county.

The judgment of the lower court gave the claim of the plaintiff in error parity with the lien claims of the defendants in error. The defendants in error have filed no cross-appeal seeking reversal of that part of the lower court's judgment, and this court is, therefore, without jurisdiction to pass upon that question, and in the absence of a cross-appeal by the defendants in error, the judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Reford Bond, Jr., Adrian Melton, and D. M. Cavaness in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bond and approved by Mr. Melton and Mr. Cavaness, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, and CORN, JJ., concur.