CENTRAL TRUST Co. and another *v.* WABASH, ST. L. & PAC. RY. Co. and others.[1]

(*Circuit Court, E. D. Missouri.* January 6, 1886.)

PRACTICE—MISLEADING STATEMENTS BY COUNSEL.
    Where a party has been fairly misled by the conduct or statements of opposing counsel, this court will, as a rule, see that he does not suffer thereby.

In Equity. In the matter of the motions to remand on the petition of the United States Trust Company.

The United States Trust Company, being desirous of foreclosing its mortgage on the Omaha Division of the Wabash system, appeared by its attorney, Mr. Sheldon, before BREWER, J., and obtained an or-

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

der permitting it to make the receivers appointed in the case of *Central Trust Co.* v. *Wabash, St. L. & Pac. Ry. Co.*, parties to foreclosure suits to be brought in state courts of Iowa and Missouri. The order was made, with the understanding that the object in bringing the foreclosure suits in state courts instead of federal tribunals was to avoid certain jurisdictional questions, and that after being instituted the suits would be removed to the federal courts by the United States Trust Company, and there proceeded with. The cases were not removed by the United States Trust Company, however, and were finally removed to the United States circuit courts for the Western district of Missouri and the Southern district of Iowa by the Wabash receivers, against the objection of the United States Trust Company, which thereupon moved to remand. The matter having been brought up before BREWER, J., at chambers, in St. Louis, the following opinion was delivered:

*Sheldon & Sheldon*, for United States Trust Co.

*Phillips & Stewart*, for Central Trust Co.

*Wells H. Blodgett* and *H. S. Priest*, for Receivers.

BREWER, J., (*orally.*) I wish now to dispose of a matter that is really pending in other districts, but was argued here; and that is, the motions to remand in the cases of the *United States Trust Company* v. *The Wabash Road, The Receivers, et al.* I believe it is backed up by ancient authority that it is oftentimes better, if not easier, to cut a knot than untie it, and I think I shall do that in this case.

It is unnecessary to go back over the whole history of this transaction. It is enough to say that an order was obtained from this court upon statements and representations that a certain line of policy was intended and a certain course would be pursued, and that afterwards that course was not pursued. I do not mean to say by that that I suppose counsel came before me, or afterwards before my Brother TREAT, with any intention of deceiving or of obtaining an order from the court by misrepresentation. I take it to be true, as they say, that that was not their purpose; but still, the fact is that they obtained an order upon representation that a certain plan was to be pursued which was not pursued. Upon obtaining that order, and by virtue thereof, suits were commenced in the state courts of Iowa and Missouri, and after some time had intervened the receivers filed petitions and bonds for removal to the federal courts.

Now motions to remand are made. The receivers, or their counsel, insist that they were misled by conferences with counsel, and by the statements in open courts, into the belief that the plaintiff would itself remove. The plaintiff, on the other hand, claims that there was no occasion for any such mistake on the part of counsel for receivers; that the term of court at which removal could be had in each case had passed before the petition and bond were filed; and, finally, that if both of these things be not true, the cases are not such as are removable at the instance of the receivers.

I do not propose to decide either one of those three questions, simply saying that it is generally true that where a party has been misled—fairly misled—by the conduct or statements of opposing counsel, the court will see that he does not suffer thereby. I think, in these cases, the federal courts might have acquired unquestioned jurisdiction; that there is nothing in the nature of the cases which would prevent such jurisdiction; and that the only objection which can be raised is as to the manner in which, and the party by whom, the removal was obtained. Now I, of course, concede that if the case is one of which the federal courts could not take cognizance, that nothing is waived, and nothing can be waived, as to the matter of jurisdiction; but if the case is one of which the federal courts might take cognizance and have jurisdiction, and the only defect is in the manner in which the case is put into those courts, a waiver of such defect can be made. As between the mortgagor and the mortgagee,—as between the Wabash road, the successor of the mortgagor, and the United States Trust Company,—there was in each case a separable controversy,—a controversy independent of any question as to the apportionment of the burden of receivers' certificates and outstanding floating liabilities. There was a separable, independent controversy between citizens of different states, and, as such, either the plaintiff or the Wabash road could have removed the entire cause into the federal courts. Now, if the plaintiff had proceeded in accordance with the plan which counsel indicated at the time they obtained this order, the cases would have passed to the federal court at their instance, and the jurisdiction would have been unquestioned. But there has been a mistake. Counsel have been misled, and I think it no more than right to the parties to say that these cases must stand now where they would have stood if the parties had proceeded acccording to the plan which they stated they intended to pursue; and, as a short cut to that, I shall enter an order in each of those courts—that of the Western district of this state and the Southern district of Iowa— that unless the plaintiff, within 30 days, withdraws his motion to remand, and proceeds with the litigation in those courts, I shall set aside every order that has been made authorizing suit against the receivers or permitting them to be made parties in the litigation. In that way, the cases will stand as I think they unquestionably ought to stand, and as the parties represented when they got the order they intended they should stand, for hearing and determination in the federal courts.

Before dropping the matter, let me add two other suggestions. If there is any one thing that I think the court has a right to insist upon in the dealings between itself and counsel, it is that it shall be able to place implicit reliance on every statement that counsel make, not merely of present fact, but of future purpose and plan. In no other way can a court dispatch business promptly, safely, or with any comfort, and especially is that true in a court like this. Take the various states in which I have to travel, and the multitude of entirely differ-

ent questions and cases that are presented, and the applications that are constantly made to me for orders,—I should never feel safe, or act promptly, or enjoy my work, unless I felt that I could implicitly depend upon every statement that counsel made to me, both of what has transpired, and of his plans and purposes. I have always done it, and I always expect to do it, and while some have criticised our profession as wholly unreliable, I have never found them so. I believe, after 21 years of judicial life, I can recall but a single instance, and that in the commencement of my life on the bench, in which I ever knew a counsel deliberately to impose upon me. Of course, such recollections are very pleasant. I think it important that a court should insist upon perfect frankness and the right of implicit reliance, and should shut the door against even a suspicion that such has not been in any case the fact.

The other point I wish to refer to is this, that while we have insisted in this Wabash case all the way through, and do insist in this particular order, that the cognizance of these matters shall be had in the federal courts, it is not in the slightest degree because of any want of confidence in the state courts. I have been myself too long upon the state bench, and have too profound an admiration for the character and ability of the state judges, ever, in any way, to cast the slightest imputation or reflection upon them. I have no doubt they are fully as competent to do justice, and will do justice, as the federal tribunals; and if the controversy which is raised in this and other branches of the case was a purely independent matter I should be perfectly willing, indeed, I should prefer, that it go to the state courts, so that the federal courts, burdened as they are, might not be troubled with it. But it is not simply a question as to whether the United States Trust Company shall foreclose its mortgage against the mortgagor, the St. Louis, Kansas City & Northern road; but there is involved in the case a question of the apportionment of receivers' certificates and of the burden of floating liabilities upon these various branches. Now, that is a question which, to my mind, and to the mind of my Brother TREAT, it is very important should be kept within one jurisdiction. Supposing these cases were left in the state courts, and they should decree, the receivers being parties there, that no portion of these receivers' certificates was chargeable as a burden on that division, and this court should hold differently: there might be a very unpleasant collision between us; whereas, if they stand in the federal court of Iowa, and the federal court of the Western district of Missouri, both of which tribunals I visit, and where I preside, there will be a singleness of decision. So far as the cases east of the river are concerned, cases which were outside any jurisdiction we possessed, we have sent them all to the federal courts, so that if there should be any difference of opinion between the judges of the federal courts there and here, the cases, in the ordinary course of procedure, can be taken, all of them, to one tribunal, the supreme court of the United

States, and one ruling—one line of decision—settle all the controversies. We have felt in these cases that it was important there should be a unity of control, and that whenever disintegration seemed to be necessary the disintegration should be so guarded, and the jurisdiction permitted to attach should be of that kind, that in case there should be any disagreement between the several trial courts the various cases could all be taken finally to one tribunal, and thereby any unseemly or unpleasant collision avoided; and counsel in this particular case had notice of the fact that the court considered it important. It is not at all, I repeat, with the slightest intent to reflect on the state courts, but to avoid any possible collision. I hope that under the present decree there will be no question of the apportionment of the burden of receivers' certificates, floating liabilities, or anything of the kind, but I believe the French have a maxim that the unexpected always happens, and certainly nothing is certain until it is accomplished; and, until this scheme is perfected, there is no certainty that we may not have to determine how much these various branches respectively must bear of the burden of these receivers' certificates.

*Mr. Sheldon.* Will your honors permit me to say one word in reference to the order you have made. It has been, if you will pardon me for saying so, somewhat of a surprise to us that our position in this matter should have been so misapprehended. The position of the United States Trust Company has been simply enforcing the rights of the beneficiaries under this trust, and it has taken, under the advice of counsel, with the utmost deliberation, the best course to secure that end. It was the first intention of the trust company, as I explained to your honor in my argument, that this suit should be instituted and prosecuted in the federal court; and it was only under the advice of counsel, and by reason of the doubt created, that suits were first instituted in the state courts and afterwards continued there. I am indebted to your honor for your expression of confidence in the good faith of this transaction. It has certainly been in good faith on our part, and, as evidence of that good faith, we are quite willing, in view of your honor's expression of opinion, that these motions to remand may be withdrawn, if your honor is satisfied that the federal court has jurisdiction. That, to a large extent, removes one of the reasons,—the reason why the state jurisdiction was invoked,—and we will consent that these motions to remand may be withdrawn, and that the causes stand here in these two federal courts. If your honor thinks it desirable or necessary to the jurisdiction of the federal courts, we will file the necessary petitions, (which were drafted last June and executed, but never filed, though they were in the possession of the solicitors at the places where the circuit court clerks' offices were situated, for the purpose of filing, when telegraphic direction to the contrary was sent to him from New York;) and I shall also ask your honor, in view of this, and in view of the

confidence which you state you have had in the good faith of counsel, to withdraw that portion of the opinion which speaks of the necessity and value of good faith on the part of counsel.   The expression —the mere expression—of it in this connection would seem to be a reflection upon us.   Good faith in matters of this sort is something we value so highly that we should prefer the entire proceedings to be disposed of and begun anew rather than that such an opinion should be entertained.

BREWER, J.  I certainly thought I had guarded my language so as not to imply that there was any lack of good faith on your part.   The only point I wished to set forth was that the order was made on the strength of the statements of counsel as to the plan they intended to pursue, and that afterwards that plan was changed; that was all I meant to say was done by counsel; that the order was made in the first instance in reliance on the statement as to the course to be pursued, and that afterwards, without notice to the court, that course was not pursued.   I think that is what I said.   I did not impute any intent to deceive or any bad faith on the part of counsel.   I certainly do not want to cast any reflection upon counsel, but at the same time I am frank to say I think counsel made a grievous mistake, especially after the clear notice given here in open court that the matter of the future forum was matter, in the judgment of the court, of importance, when they changed their plan that they did not come to the court and say: "We do not want to pursue that plan, and still want the order to stand."

*Mr. Sheldon.*  It did not occur to us that the mere institution of this action was a matter of particular interest to the court, or that the court was interested with us in securing perfect title through foreclosure proceedings; and in adopting the course which it was deemed best, or seemed best entitled to secure that end, we thought the court was at one with us.

*The Court.*  I will see that what I have said is revised before it is filed.

*Mr. Sheldon.*  And these two motions may be considered as withdrawn.

*Brewer, J.*  Have the motions been filed?

*Mr. Sheldon.*  They have not been filed.