## GAYER v. RODDIE, Rec.

No. 22136. Opinion Filed Feb. 2, 1932.

28

Christy Russell, for plaintiff in error.

J. B. Dudley, J. R. Miller, and Magee & Sturdevant, for defendant in error.

SWINDALL, J. This is an appeal from an order of temporary injunction issued by the district court of Oklahoma county, enjoining the appellant from further proceeding in the district court of Creek county with reference to certain funds which came into the hands of the appellee, a receiver appointed by the district court of Oklahoma county, the funds being production payments from oil and gas property which were in the possession of the receiver until a mortgage on the property was foreclosed in an action instituted in the district court of Creek county under an order of the district court of Oklahoma county permitting the receiver to be made a party to the foreclosure action but ordering him to retain all income from the property in his hands and to pay it out only upon the order of the Oklahoma county district court.

The application for leave to make the receiver a party to the foreclosure action had alleged that the mortgage covered the income and that the applicant believed the security was being impaired, and asked the district court of Oklahoma county to make an order impounding any and all moneys coming into the hands of the receiver pending the litigation with reference to the foreclosure of the petitioner's mortgages, suits to be filed immediately in Creek and Pawnee counties, respectively, the venue of the actions being in said counties. Upon the application the Oklahoma county district court made an order permitting the receiver to be made a party to the foreclosure actions and further ordered the receiver "to hold and retain in his possession, as receiver of the Riverside Oil & Refining Company, all moneys received by him as such receiver from any of said above-described property covered by the petitioner's mortgages, and not to pay same out except upon orders of this court and pursuant to notice served upon the petitioner herein, a reasonable length of time before such application to disburse said funds shall be heard."

Subsequent to the foreclosure of the mortgages the plaintiff in the actions was proceeding in the district court of Creek county to obtain an order that the Empire Natural Gas Company pay to the plaintiff $428.32 which was due but had not been paid to the receiver, and that the receiver pay to the plaintiff $8,914.29, which was all the income that had accrued during the life of the mortgages, said sums to be credited upon a deficiency that remained after the foreclosure sale, which appears to have been in excess of both sums.

The Oklahoma county district court granted a temporary injunction forbidding further proceeding against the receiver, but did not enjoin proceeding to obtain the funds due from the Empire Natural Gas Company.

The appellant filed an amended response to the application for the injunction, setting up the application for leave to make the receiver a party to the foreclosure actions, the order made upon the application, alleging that the mortgages covered the income from the properties, quoting the text of the mortgages upon that point, and alleging the execution of transfer orders as required by the terms of the mortgages; and he further alleged that the foreclosure action in Creek county went to trial and judgment February 17, 1928, and that on that day he filed an amendment and supplement to the foreclosure petition setting up the amounts accrued under the transfer orders and asking that the amounts be impressed with the mortgage lien and be ordered paid to him to apply on the mortgage debt; that the court permitted the filing of the amendment and supplement, against the objection of the receiver, and gave the receiver time to plead to it, but continued the issues under the amendment and supplement and rendered judgment that day on the petition as it then stood; that judgment was rendered for the foreclosure of the mortgage, from which the receiver appealed, and that the appeal was dismissed by the Supreme Court; that

after the foreclosure sale there remained a deficiency of about $16,000 and interest; that he filed a further amendment and supplement setting up the entire income from the properties, up to the time of divesting of title by the foreclosure sale, and that he prayed that the sums respectively in the hands of the Empire Natural Gas Company and in the hands of the receiver be ordered paid to him to be credited upon the indebtedness; that issues were made upon the amendment and supplement and the case was set for trial when the receiver applied for the injunction; that the original indebtedness of $50,000 had not been disputed, but on the contrary had been allowed in full by the Oklahoma county district court in the receivership proceedings, including interest and attorney's fees.

In the amended response the appellant denied that he was seeking to interfere with the receiver, but was merely proceeding as by law and the former order of the receivership court he had been authorized to do, to have his lien and the amount thereof judicially decreed and determined, and that as to the money in the hands of the Empire Natural Gas Company, that it should pay same to the appellant, and as to that in the hands of the receiver, upon obtaining the decree as to the sum or amount thereof subject to the lien, the appellant intended to present the same to the receivership court with an application for an order directing the "time and manner of payment of same" by the receiver, and that such purpose had been repeatedly asserted in both courts; that the prior order authorizing him to make the receiver a party to the action permitted such procedure, and that the same was in accordance with the well-established rules of equity procedure and practice; that the action was set for trial in the Creek county district court.

Since perfecting the appeal the appellant has applied for a writ of mandamus to require the district court of Oklahoma county to vacate the order of temporary injunction, and for a writ of prohibition against its further proceeding in the injunction matter. If the temporary injunction was properly granted, it would follow that the order should be affirmed, and that the extraordinary writs should be denied.

It may be unnecessary to consider the power and authority of a court to revoke an order permitting its receiver to be sued in another court, for a proper interpretation of the order permitting the suit may be found to require the lien creditor to apply to the receivership court to determine what part of the income which came into the hands of the receiver is applicable in reduction of the deficiency remaining after application of the proceeds of the foreclosure sale, and if that is a proper interpretation of the order and it is further concluded that such an order was properly so limited by the receivership court, then it follows that the temporary injunction was properly granted, and the order should be affirmed and the application for the extraordinary writs would consequently be denied.

The appellant expressly admits that the court appointing a receiver has the jurisdiction to administer the assets, both the general assets and the assets subject to liens. In fact, that elementary rule cannot be denied.

It is elementary that " 'No court can properly interfere with the custody of property held by another court through a receiver.' Dillingham v. Russell, 73 Tex. 47, 11 S. W. Rep. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753."

" 'No rule is better established than that a court having the custody of property through the agency of its receiver will not suffer that possession to be disturbed, either by a levy or sale under process issued by some other court, or by the bringing of an independent suit against its receiver to recover the possession of the res, or to enforce a lien thereon, nor to establish any claim thereto.' Minot v. Mastin, 95 Fed. Rep. 737, 37 C. C. A. 236.

" 'In the case of Zimmerman v. So Relle, 25 C. C. A. 518, 520, 49 U. S. App. 387, 80 Fed. Rep. 417, and in Merritt v. American Steel Barge Co., 49 U. S. App. 85, 24 C. C. A. 530, 533, 79 Fed. Rep. 228, this court held that when a suit is brought to enforce a lien against specific property, or to marshal assets, or to administer a trust, or to liquidate an insolvent estate, and in all other cases of a similar kind, where, in the progress of the case, the court may find it necessary or convenient to assume control of the property in controversy, the court which first acquires jurisdiction of such a case by the issuance and service of process is entitled to retain it to the end, without interference on the part of any other court of co-ordinate jurisdiction.' Memphis Sav. Bank v. Houchens, 115 Fed. Rep. 110, 52 C. C. A. 176. * * *

" 'The possession of property by receivers, under the appointment and order of a court in a cause, is the possession of and for the court in that cause. No suit or proceeding touching the property can be maintained but in that court in that cause, or by leave of court obtained in that cause. This result

follows from the nature and scope of the proceedings, is necessary for the purposes for which receivers are appointed, and is elementary. * * *' "

See, also, Holmes & Hibbard Mortgage Co. v. Ardmore Nat. Bank, 48 Okla. 319, 150 P. 105, holding that it is within the discretion of the court as to whether it will grant the petition of a secured creditor to bring an independent foreclosure proceeding against a receiver in possession of the mortgaged property.

But the appellant qualifies his admission by asserting that the receiver takes the assets "impressed with all existing rights and equities of creditors, and the relative rank of claims, and the standing of liens remains unaffected by a receivership," that "every legal and equitable lien upon the property of the corporation is preserved with the power of enforcing it," and that the receiver takes the property in the condition that it is "at the moment it goes into the receiver's hands."

All that may be conceded, but it does not qualify the right of the court appointing the receiver to have the estate administered by its receiver.

The right and duty of administering the entire estate requires the court to retain jurisdiction over such assets as will permit it to properly discharge the duty that devolves upon it by the appointment of the receiver and the taking possession of the properties. Hardly an estate of a debtor is administered in receivership that does not involve the marshaling of assets and questions of what charges shall properly be made against properties covered by liens and what are proper charges to be made against the general assets. And it is here that the appellant falls into error. While it is true that the rights of parties are determined by the status existing at the beginning of the receivership, it still remains that the assets are to be administered, and that expenses are to be borne, not only with reference to the property, but also the allowance to be paid to the receiver, and court costs. The aim of the court is to prevent one class of creditors gaining an unfair and inequitable advantage by shifting to another class an expense that should properly be borne by the assets in which it is interested. While it is true that except in cases of receiverships over railroads and other public service corporations, no general indebtedness incurred prior to the receivership is ranked as a preferred claim upon assets covered by liens, yet in all cases expenses incurred after the appointment of a receivership are improperly charged against general assets if equity requires them to be paid out of proceeds of property covered by liens. In this case all of the producing property of the debtor was covered by the mortgage. It may have been absolutely necessary for the preservation of the wells that production be continued. If not, it may have been good business judgment and for the benefit of the lienholder. In any event, it seems to have been recognized by the lienholder that the premises were being operated and would continue to be operated, and it recognized the fact that they would be operated by the receiver, and that the income from production would come into his hands. It does not appear that operation was unnecessary or against the interest of the lienholder, and it would be most unusual if production could be had without the entailment of some expense. In the settlement of estates under receivership it is not unusual to find situations where certain expenditures such as office rent, clerk hire, and other overhead expenses, are required to be apportioned, they having benefited both the incumbered assets and the unincumbered assets. Whether such is the fact here is immaterial. It appears that the court was satisfied that in any event the income would be sufficient to entitle the lien creditor to corpus not converted into production and that retention of jurisdiction over income was sufficient to enable it to properly administer the receivership estate. At any rate such harmonizes with the plain terms of the order and we cannot presume to interpret the order in disregard of its plain language.

If it were true that marshaling would in no event be proper, we could agree that the order to retain the income would not be incompatible with a jurisdiction in the court foreclosing the mortgage to order the receiver to pay over the income in his hands for application upon the deficiency, allowing him to deduct such amount as he had incurred as expense in realizing the income or such part of it as that court considered properly incurred and properly allowable, but it is plain that in the determination of such matters the general creditors are entitled to be heard and to urge such positions as they may deem necessary to the protection of their interests upon the questions, and when we consider that fact and give attention to the positive order to the receiver not to pay out any of the income except upon order of the district court of Oklahoma county, we are not authorized to go behind the plain language and effect of the order.

It retained jurisdiction to make any and all orders as to the disposition of the income that might appear proper to it, and that was a retention of jurisdiction over the income for purposes of administering the same in the receivership proceedings; and the whole order in effect only permitted the sale of the physical properties as they remained at the time of sale for application upon the established mortgage indebtedness, with the necessity of applying to the district court of Oklahoma county to determine whether all, or if not, what part, of the income should properly be applied upon the deficiency.

The appellant denies that he intends to obtain an order requiring the receiver to pay over the fund. Whatever his intent may be, his pleadings and prayer ask for it. He still admits that he intends to obtain an order that it be paid over, saying that he then intends to apply to the district court of Oklahoma county for an order fixing the time and manner of payment. He seems to think that the order that he seeks from the district court of Creek county, that the fund be paid over, is part of the establishment of his lien. Not so; it is a proceeding against a fund to cause its application upon a lien that has already been legally established. And such an order, leaving to the district court of Oklahoma county only the right to fix the time and manner of payment, the payment to be of a sum ordered paid by the district court of Creek county, would deprive the district court of Oklahoma county of all right to adjust equities and marshal the assets in the hands of its receiver in such manner as it should deem proper, a right which was clearly reserved to it by the specific order made with reference in the order permitting the receiver to be made a party to the foreclosure actions.

It does not follow that because leave is given to establish a claim, thereby leave is given to enforce it. In the case of an unsecured claim the claimant is always left to apply to the receivership court for payment in due course of the receivership, which means that he may realize something, or that he may realize nothing, depending upon the condition of the estate. And the same is true as to secured claims. It is a common thing to only permit the lien to be established in another court, the receivership court causing a sale or requiring that the proceeds be turned over to it for administration in the receivership. In Baldwin, Receiver, v. Spear Brothers, 79 Vt. 43, the court held that by a receivership the

property was placed in the custody of the law and that an order permitting a lien claimant to perfect his lien, which under the Vermont laws seems to have required the levy of an attachment, did not authorize a sale of the property under attachment, citing Alderson on Receivers, 222; Steel Co. v. McElwaine-Richards Co., 144 Ind. 614. The same principle applies to a case where a foreclosure is permitted with the income on hand retained with the provision that income subsequently coming into the hands of the receiver be retained subject to the order of the receivership court.

We apprehend that when the matter is brought before the district court of Oklahoma county, viewing the estate as a whole, the receivership as a whole, what has been done, what expenses have been incurred, the circumstances under which they were incurred and the reasonableness of the services and the consequent benefits, it will make such order as is proper and equitable, but whether it does or not, it has the sole jurisdiction to make the order, and if it is improper the remedy is by appeal.

The appellant urges as a further objection against the injunction that regardless of what he was seeking to have done, it should not be presumed that the district court of Creek county would make an improper order. The fact that he was seeking an order that was improper and seeking it in defiance of the jurisdiction of the district court of Oklahoma county was sufficient ground for issuing the injunction.

The appellant contends that his right to proceed is res adjudicata because the receiver appealed from the foreclosure judgment and from the order permitting the amendment to be filed. The receiver on the day the judgment was rendered was given time to plead to the amendment, and the issues on the amendment had not been framed, so we do not see how the matter could have been involved in the appeal. Further, it does not appear that the limited order was ever called to the attention of the court. In any event the question arises between the appellant and the district court of Oklahoma county, which has made an order protecting its jurisdiction, and the order of temporary injunction was properly issued, and even if the appellant had obtained an improper order from the district court of Creek county, while the district court of Oklahoma county could not enjoin that court from enforcing the order, but a writ of prohibition would be necessary, yet that court could prevent the appellant from proceeding under the or-

der. The situation reminds us very much of the facts in Ray v. Trice, Receiver (Fla.) 42 So. 901. In that case a receiver had purchased land at a foreclosure sale and was put into possession under a writ of assistance. Ray had been in adverse possession and had not been made a party to the suit. He applied in the foreclosure action to have the writ of assistance vacated and annulled, and a denial of the application was reversed by the Supreme Court. The land was situated in several counties, and afterwards a circuit judge of an adjoining district in which part of the land was situated, acting for and instead of the judge of the circuit in which the receivership was pending and in which the foreclosure had been conducted, granted leave to make the receiver a party to an action pending in his circuit to set aside the master's deed. In that action Ray, the plaintiff, on an amended bill, obtained an order enjoining the receiver from applying to the court by which he had been appointed to obtain possession of the part of the land that was situated in Citrus county, which was in the circuit in which the foreclosure had been had. For such conduct the circuit court of the circuit in which the receivership was pending promptly revoked the order permitting the receiver to be made a party to the new action which was then pending. The court said:

"The order of injunction * * * was altogether ill-advised, irregular, and without authority, and tended directly to bring about that unseemly conflict of jurisdiction between two courts of the same state, of equal and co-ordinate jurisdiction within their respective territories, to prevent which is one of the chief foundations for the rule requiring the obtainment of the leave of the court appointing a receiver as a prerequisite to the right to sue such receiver either within the jurisdiction of his appointment or in any other forum. * * * It seems to be well settled that the power to appoint a receiver and to grant leave that he shall be sued as a defendant in the forum of his appointment, or in that of any other jurisdiction, carries with it as a necessary concomitant the authority to revoke such leave to sue him. Henderson v. Walker, 55 Ga. 481; Central Trust Co. v. Wabash, St. L. & Pac. Ry. Co. (C. C.) 26 Fed. 74; Meredith Village Savings Bank v. Simpson, 22 Kan. 414. Before the order was granted giving leave to the appellant, Ray, to join the receiver, Trice, as a party defendant to his suit in Citrus county, in the Fifth judicial circuit, there was no intimation of any design upon the part of Ray to amend his bill and apply for the unique order of injunction restraining the receiver from applying to the court whose receiver he was for relief touching the properties in his official hands; but this feature of the proceeding was sprung upon him after the consent in the name of the court of his appointment had been obtained that he should be made a party defendant in the cause pending in another jurisdiction. Under these circumstances the judge of the Sixth judicial circuit, whose receiver Trice was, had no authority himself to dissolve the injunction granted by and pending in another jurisdiction against his receiver, however improvident such injunction might be, but all he could properly and authoritatively do in the premises was done when he required the complainant, Ray, who had obtained the injunction against his receiver, to have the same dissolved within and by the forum that had granted it, under the penalty of a revocation of the order granted to him permitting him to join such receiver as a party defendant to his suit in which such order of injunction was made."

There is a decided similarity between the cases, but in the present case the order has not been obtained, and seeking it is in excess of the authority granted, so that an injunction against the appellant operates to prevent a conflict of jurisdiction proceeding to an unauthorized order.

The appellant cites cases to the effect that a supplemental bill is proper for obtaining such an order as he seeks. The answer is that he is not entitled to seek the order, and that doing so is in contempt of the district court of Oklahoma county.

The order of temporary injunction is affirmed, and the application for the extraordinary writs of prohibition and mandamus are consequently denied.

LESTER, C. J., and HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., not participating.

Note.—See under (1), 23 R. C. L. 130.