**SCHOFIELD et al. v. MELTON, Dist. Judge.**

No. 24718. Opinion Filed Aug. 26, 1933.

Withdrawn, Corrected, Refiled and Rehearing Denied Sept. 27, 1933.

McComb, Henshaw & Conrad, for plaintiffs.

E. F. Maley and Gordon & Gordon, for respondent.

BUSBY, J. This is an original action instituted in this court for the purpose of obtaining a writ of prohibition to prevent the respondent, Harve L. Melton, as district judge of the district court of Pittsburg county, Okla., from continuing to exercise jurisdiction and control over certain property situated in Pittsburg and Hughes counties through a receiver appointed by him in his official capacity. The fact situation in this case presents a question of conflict of jurisdiction between two of the district courts of this state. Both the district court of Oklahoma county and the district court of Pittsburg county are undertaking to exercise control and supervision over the same property through their respective receivers.

On the 17th day of January, 1933, an action was commenced in the district court of Oklahoma county by M. B. Schofield, a creditor of the Gas Service Corporation, and Art Burns and Rant Jeffries, as directors of that corporation, against the Gas Service Corporation, seeking the appointment of a receiver to take charge of the assets and properties of the defendant corporation. Im-

mediately thereafter the defendant entered its general appearance and filed an answer in which it agreed that a receiver should be appointed. Acting on the pleadings thus filed, the district court of Oklahoma county, without notice to other parties who might be interested, appointed M. B. Schofield and S. J. Campbell as receivers, authorizing and directing them to take charge of the property and assets of the defendant corporation. The receivers thus appointed qualified in the manner provided by law for the performance of their duty, and on the 18th day of January, 1933, took charge of the books and accounts receivable of the defendant and asserted a possessory right to and control over the physical properties of the defendant corporation. In this connection it appears that the principal office of the defendant corporation was located in Oklahoma City, while the most of its physical properties were located in Hughes and Pittsburg counties. The corporation had been organized with a view to furnishing natural gas to the Oklahoma State Penitentiary situated at McAlester, in Pittsburg county. It claims ownership of a pipe line from a gas field in Hughes county to the penitentiary at McAlester, acquired for the purpose of carrying on its business.

Subsequent to the time that the receiver was appointed by the district court of Oklahoma county, an action was filed in the district court of Pittsburg county in which Earl Thompson was plaintiff and various persons, including the Gas Service Corporation and S. J. Campbell, were made defendants. In that action it was asserted that S. J. Campbell, as trustee, was the owner of the gas pipe line and property used in connection therewith, and that the defendant Gas Service Corporation was asserting some unknown interest therein; and that the plaintiff, by virtue of a contract made with the defendant Campbell and services performed pursuant to that contract, was entitled to a lien upon said property for the sum of $3,496. The plaintiff in that action sought to foreclose his lien, and ancillary thereto to secure the appointment of a receiver. The district court of Pittsburg county, without notice to parties who might be interested in the matter, proceeded to appoint a receiver to take charge of the property involved.

On the 9th day of February, 1933, the receivers appointed by the Oklahoma county district court made an application to that court for injunctive relief to prevent the receiver appointed by the district court of Pittsburg county from interfering with their possession of the property. Acting on the application, the district court of Oklahoma county issued a temporary restraining order returnable on the 20th day of February, 1933. The receiver of the district court of Pittsburg county appeared in the district court of Oklahoma county for the purpose of contesting the application. The Oklahoma county court, after hearing the matter, decided that it was without jurisdiction to enjoin the agent of another court of co-ordinate jurisdiction, and therefore refused to grant injunctive relief. In passing upon the matter, however, it made a special finding concerning its jurisdiction, determining that the property involved and the rights to the possession and control thereof were in the district court of Oklahoma county, and directed its receivers to continue in the possession thereof. This decision was rendered on the 9th day of April, 1933. Three days later the district court of Pittsburg county, on application of the plaintiff therein, made an order directing the warden of the State Penitentiary to pay to the receiver appointed by it moneys due to S. J. Campbell and/or to the Gas Service Corporation for gas furnished to the State Penitentiary. On May 22, 1933, this original proceeding was commenced in this court for the purpose of preventing the district court and district judge of Pittsburg county, Okla., from exercising further jurisdiction in the case.

Plaintiffs contend that, as between courts of co-ordinate jurisdiction within the state, the court that first acquires jurisdiction in point of time by the commencement of an action and appointment of a receiver retains that jurisdiction to the exclusion of all other courts of co-ordinate jurisdiction, and, further, that the situation here presented presents a sharp and intolerable conflict of jurisdiction between two courts involved, thereby rendering the remedy by prohibition a proper and appropriate remedy for the prevention of such conflict of jurisdiction between the two lower courts.

The respondent contends that this action should fail for the reason that prohibition is an extraordinary remedy and cannot be resorted to when the ordinary and usual remedies provided by law are available, and that such usual and ordinary remedies are available and adequate in this case.

This contention is a reiteration of the rule of law long recognized by this court and the courts of last resort in other jurisdictions. Billings Hotel Co. v. City of Enid,

77 Okla. 122, 186 P. 1085; Morrison v. Brown, Judge, 26 Okla. 201, 199 P. 237. However, this court has recognized that prohibition is a proper and appropriate remedy to prevent two inferior courts of co-ordinate jurisdiction from asserting a conflicting control over the same subject-matter, thereby creating an intolerable conflict of jurisdiction. Parmenter v. Rowe, 87 Okla. 157, 200 P. 683; State ex rel. Monahawee v. Hazelwood, County Judge, 81 Okla. 69, 196 P. 937; Citizens Trust Co. v. Bird, 162 Okla. 156, 19 P. (2d) 579. Of course, this court may, in the exercise of its discretion, deny the writ where the situation presented does not involve an intolerable conflict of jurisdiction between the two inferior courts. State ex rel. Bourne v. Johnson, 163 Okla. 212, 21 P. (2d) 1041.

Our decision on this point then depends upon the answer to this question: Does the situation presented in the case at bar involve an intolerable conflict of jurisdiction between two district courts which are undertaking to assert control over the same property and subject-matter through their respective receivers? A review of the facts previously set forth in this opinion convinces us that such a conflict exists here. The proper and necessary administration of the affairs of the going gas distribution concern through a receiver entitles the consumers purchasing gas from the concern, as well as those from whom the gas supply is being obtained by the company, to know with some degree of certainty which of the two receivers has lawful charge of the property and power and authority to administer its affairs. The hopeless confusion that must arise unless this conflict of jurisdiction is settled is too obvious to require further discussion. We must, therefore, hold that the jurisdiction of this court has been properly invoked by an application for a writ of prohibition, and that the situation involved reveals an intolerable conflict of jurisdiction between two of the district courts of this state. It remains for us to determine which of these two courts should continue to exercise control.

The general rule governing such matters is that the court which first acquired jurisdiction of the subject-matter, and which is first put in motion, will retain its control to the end of the controversy to the exclusion of other courts of co-ordinate jurisdiction, and that its receiver cannot be disturbed by the subsequent appointment of a receiver of the other court. Lanyon v. Braden, 48 Okla. 689, 150 P. 677. See, also, Gayer v. Roddie, 155 Okla. 27, 7 P. (2d) 847; 23 R. C. L. p. 36, par. 35, article on Receivers. The application of this rule vests jurisdiction of this cause in the district court of Oklahoma county, since the action in that court seeking the appointment of the receiver, as well as such appointment, was first in point of time, unless, for some reason, that court did not acquire jurisdiction. In this connection the respondent urges that the allegations and statements in the petition filed in that court were insufficient to vest the court with jurisdiction. The respondent says the prayer in the petition is defective and insufficient in that it only requests the "appointment of a receiver and other proper relief." It is asserted that the prayer must contain a specific request for definite relief other than for the appointment of a receiver, for the reason that receivership is an ancillary remedy. Assuming that the petition filed in the district court of Oklahoma county is defective in form, we must bear in mind that the attack thus made is collateral in its character. Johnson v. Manhattan Ry. Co. (Boehm v. Manhattan Railway Co.) 53 S. Ct. 721, 77 L. Ed. ____. Such a defect in pleading is not sufficient to deprive the court of jurisdiction. The contention of the respondent is answered by the language of the federal court in the case of the Superior Oil Corp. v. Matlock, 47 Fed. (2d) 993 (a case arising in Oklahoma), where in the body of the opinion the following language appears:

"It is urged that a receivership is not an independent remedy, but is purely ancillary to other relief sought. This is sound law. (Citing many cases.) It is claimed that the prayer of the state court petition is only for a receiver. But in Oklahoma the prayer of the petition 'does not determine the relief to which a party may be entitled, nor the measure of relief to be applied.' Owens v. Purdy, 90 Okla. 257, 217 P. 425, 429; Myler v. Fidelity Mutual Life Ins. Co., 64 Okla. 293, 167 P. 601. However, the prayer of the petition in the state court is not limited to the appointment of a receiver. The primary prayer is that the court administer the properties of the corporation, and 'enforce and adjust the rights, liens and equities of all creditors and stockholders'. * * * This contention of appellees is therefore untenable."

It is the general rule that the order appointing a receiver may be attacked collaterally if it is absolutely void on the face of the proceedings. But it cannot be collaterally attacked, no matter how irregular the pleadings or procedure, if the court making the appointment has jurisdiction of the

subject-matter and of the parties. 28 R. C. L. p. 44.

On a careful examination of the pleadings and proceedings in the district court of Oklahoma county, we are unable to say that there is such gross irregularity or deficiency either in the pleadings or in the procedure there pursued as to deprive that court of jurisdiction. It does seem that the Oklahoma county district court may have acted with undue haste in making the appointment. However, the jurisdiction attaches at the commencement of the action, and its priority is determined thereby and not by the time of the appointment of the receiver. Lanyon v. Braden, supra.

It is also suggested by the respondent that the persons invoking the jurisdiction of the Oklahoma county court were not inspired by proper motives, and that the receivers appointed therein are so interested that they are not qualified to act, and that the estate will be improperly managed. We cannot presume bad faith, but, even assuming the same to exist, the matter of the personnel of the receivers as well as the manner in which the receivership is conducted is not subject to review on collateral attack. Boehm v. Manhattan Railway Co., supra. These matters are under the supervision and subject to the continuing direction and control of the district court of Oklahoma county, and we must and do presume that it will properly exercise its power to the best interest of all parties interested in the receivership.

The respondent also contends that, since the principal physical properties of the Gas Service Corporation are situated in Pittsburg and Hughes counties, and since there are numerous lien claimants asserting liens against the properties therein situated, and, inasmuch as the venue of actions for the enforcement of lien claims lies in the county or some one of the counties where the property is situated, the district court of Pittsburg county should not be deprived of jurisdiction in this cause.

It is not an unusual situation in connection with receivership cases that mortgages and liens may exist against properties situated in scattered localities and counties. In such cases it is proper, but not essential, that the court in controlling the property, through the receiver, permit foreclosure actions to be commenced in other courts for the purpose of establishing or enforcing the rights of the lien claimants or mortgagees. Continental Ins. Co. v. Chance, 48 Okla. 324, 150 P. 114; Gayer v. Roddie, supra.

As applied to this case, the proper procedure, if the claimants before the court in Pittsburg county desire to proceed further in that court, is to apply to the district court of Oklahoma county for leave to do so. The mere fact that the properties in custody of receivers include properties in other counties outside the county in which the court appointing the receiver is situated, does not deprive that court of jurisdiction to administer the receivership nor authorize another court of similar jurisdiction to interfere with the custody or control of the property involved.

The respondent also asserts that the writ of prohibition should be denied in this case for the reason that the jurisdiction in the district court of Pittsburg county was not first challenged in that tribunal. It is a general rule of practice that one seeking a writ of prohibition must first call the attention of the lower tribunal to its lack of jurisdiction. However, this rule is not without exception, and the failure to observe it may be excused in cases where the necessary delay would be highly injurious to the rights of the applicant, or where it is apparent that the whole proceeding is such that the application would be futile. Kincannon v. Pugh, 114 Okla. 90, 243 P. 945. Or where the questions involved relate to or affect public interests or involve public affairs. People v. District Court, 29 Colo. 182, 68 P. 242; State v. Smith, 116 Wash. 572, 200 P. 92.

The solution of the questions involved in this case affects the gas supply of the State Penitentiary of McAlester, Okla., a matter of public interest and concerning public affairs. The procedure in the district court of Pittsburg county indicates that an application in that court challenging its jurisdiction would probably have been futile. Likewise the necessary delay that would result if we were to dismiss this case on the ground suggested might be highly injurious, not only to the parties involved, but to one of the public institutions of this state. We, therefore, hold that this is a proper case in which to excuse a strict observance of the rule involved.

The opinion is not to be construed as an unqualified approval of proceedings in the district court of Oklahoma county, nor of the personnel of the receivers appointed by the court. We are at this time declaring only that that court has jurisdiction. Whether or not it properly exercised its jurisdiction may be determined in a direct attack. The interested parties are at lib-

erty to take such steps in that court as may be appropriate to protect their interest and preserve their rights.

For the reasons stated, it is ordered that a writ of prohibition issue, and that the district court of Pittsburg county be, and it is hereby, prohibited from proceeding further in the case before it, except to discharge its receiver.

CULLISON, V. C. J., and SWINDALL, OSBORN, and BAYLESS, JJ., concur. RILEY, C. J., and ANDREWS, McNEILL, and WELCH, JJ., absent.

---

### On Rehearing.

BUSBY, J. It is suggested by the defendants herein in their petition for rehearing that the decision made in the previous opinion of this court is too broad in its scope, in that it prevents the defendants from proceeding in the district court of Pittsburg county for the purpose of obtaining a personal judgment against S. J. Campbell. The proceedings instituted in the district court of Pittsburg county seek not only a personal judgment against S. J. Campbell but to impress the same as a lien upon the property in the custody of the receiver of the Oklahoma county court and to decree a sale thereof. The conflict of jurisdiction between the two courts arises out of the custody, control, and right to dispose of the property involved. If the plaintiffs in the district court of Pittsburg county desire to pursue their action therein filed for the purpose of obtaining only a personal judgment against the defendants therein named without undertaking to adjudicate rights in or liens upon property in custody of the receiver appointed by the district court of Oklahoma county, and without undertaking to subject such property to sale upon execution, we see no reason why they should not be permitted to do so. The opinion of this court in this case is hereby modified to that extent.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS, J., absent.